Filed 2/8/19

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MERILYN JACKSON,<br><br>        Plaintiff and Appellant,<br><br>v.<br><br>KAISER FOUNDATION HOSPITALS, INC.,<br><br>        Defendant and Respondent. | A150833<br><br>(Alameda County<br>Super. Ct. No. RG15798205) |

Section 473, subdivision (b) (hereafter section 473(b)), of the Code of Civil Procedure[1] contains a provision authorizing mandatory relief from a "default judgment or dismissal" that is entered against a party due to the fault of the party's attorney. When a party moving for such relief submits the required attorney affidavit of fault and otherwise complies with all statutory requirements, the default judgment or dismissal "shall" be vacated "unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect." (*Ibid*.) Here, the plaintiff voluntarily dismissed her action against the defendant without prejudice, and she thereafter moved to vacate that dismissal pursuant to the foregoing provision. On appeal, we address the appealability of the trial court's order denying that motion, and the applicability of section 473(b)'s mandatory relief provision to the plaintiff's voluntary dismissal. Although we find the order is appealable, we conclude that relief under the mandatory provision is unavailable for the type of voluntary dismissal at issue here. The judgment is affirmed.

---

[1]        Unless otherwise indicated, all further statutory references are to this code.

1

## FACTUAL AND PROCEDURAL BACKGROUND

The record on appeal discloses the following undisputed facts.

On December 29, 2015, Merilyn Jackson, acting in propria persona, filed a complaint against Kaiser Foundation Hospitals, Inc. (Kaiser), alleging Kaiser had discriminated against her in violation of the California Fair Employment and Housing Act (FEHA). After unsuccessfully attempting to serve the summons and complaint, Jackson decided she wanted to amend her complaint and was searching for counsel to assist her. Jackson never properly served Kaiser with the complaint and summons, and Kaiser never appeared in the action.

On April 22, 2016, Jackson retained Martin Horowitz and his law firm to advise and assist her "with regard to" the civil action she had filed against Kaiser. In declarations submitted to the court, both Jackson and Horowitz represented that Horowitz advised Jackson to dismiss her pending lawsuit without prejudice, premised on the understanding that she could re-file the suit by September 30, 2016. Although Jackson and Horowitz apparently contemplated that Horowitz's firm would prepare a new complaint against Kaiser that would be filed by September 30, 2016, both acknowledge that Jackson did not retain Horowitz or his firm to appear as counsel of record in the existing action or in any future action against Kaiser.

Based on Horowitz's advice, Jackson decided to dismiss her lawsuit and re-file her action before the September 30, 2016, deadline. She signed a Request for Dismissal prepared by Horowitz and filed it with the court. The dismissal was entered on April 29, 2016.

On September 9, 2016, Horowitz informed Jackson that his advice to dismiss her action was based on his misunderstanding of how the FEHA statute of limitations applied under the circumstances. The statute of limitations had, in fact, expired on December 29, 2015, the date Jackson had filed her action against Kaiser. Jackson's FEHA claims are now time-barred.

After discussing the matter with Horowitz, Jackson retained Horowitz's firm on a limited scope basis to represent her on an ex parte application seeking relief from the

2

dismissal pursuant to section 473(b). The court denied that application without prejudice to seeking relief by a noticed motion. Jackson once more retained Horowitz's firm on a limited scope basis, this time for the purpose of preparing papers and representing her at a hearing on a noticed motion seeking mandatory relief from the dismissal based on an attorney affidavit of fault by Horowitz. (§ 473(b).)

On December 15, 2016, the court entered an order denying Jackson's motion. The order articulated two reasons explaining Jackson's failure to satisfy the statutory requirements for mandatory relief under section 473(b). First, Horowitz's erroneous advice could not serve as the basis for relief because he did not represent Jackson at the time of the advice. On this point, the court noted the Horowitz firm did not make any appearance in the case until October 18, 2016, when counsel filed the ex parte application for relief. Second, the court relied on *Huens v. Tatum* (1997) 52 Cal.App.4th 259 (*Huens*) in determining that the mandatory relief provision of section 473(b) did not apply to Jackson's voluntary dismissal of her action without prejudice.

## DISCUSSION

Jackson argues the trial court erroneously denied relief under section 473(b)'s mandatory relief provision. Kaiser disagrees, contending the statutory provision does not authorize mandatory relief from voluntary dismissals. Kaiser also challenges the appealability of the order denying relief.

### A. Appealability of Order

Kaiser argues the order denying Jackson's motion to vacate is not appealable, reasoning as follows. To establish the basis for appellate jurisdiction, Jackson relies on section 904.1, subdivision (a)(2) (section 904.1(a)(2)), which provides that an appeal may be taken from "an order made after a judgment." Here, the dismissal entered voluntarily at Jackson's request was not a final appealable judgment because it resulted from a ministerial action of the clerk and not a judicial act. (*H.D. Arnaiz, Ltd. v. County of San Joaquin* (2002) 96 Cal.App.4th 1357, 1364–1365 (*H.D. Arnaiz*).) Because the voluntary dismissal is not appealable as a judgment (*Parenti v. Lifeline Blood Bank* (1975) 49 Cal.App.3d 331, 335), it follows that the order denying a section 473(b) motion to

3

vacate that dismissal is not appealable under section 904.1(a)(2) as an "order made after judgment." With no appealable judgment and no appealable order to serve as a basis for appellate jurisdiction, Jackson's appeal should be dismissed. (See *Griset v. Fair Political Practices Com'n.* (2001) 25 Cal.4th 688, 696; *H.D. Arnaiz*, at pp. 1364–1365.) We are not persuaded.

In an analogous context, courts have upheld the appealability of court orders denying motions to set aside a nonappealable judgment. "While a denial of a motion to set aside a previous judgment is generally not an appealable order, in cases where the law makes express provision for a motion to vacate such as under Code of Civil Procedure section 473, an order denying such a motion is regarded as a special order made after final judgment and is appealable under [the predecessor to section 904.1(a)(2)]." (*Cochran v. Linn* (1984) 159 Cal.App.3d 245, 249 [denial of motion to vacate summary judgment]; *Burnete v. La Casa Dana Apartments* (2007) 148 Cal.App.4th 1262, 1265–1266 [denial of motion to set aside judgment of nonsuit]; *Generale Bank Nederland v. Eyes of the Beholder Ltd.* (1998) 61 Cal.App.4th 1384, 1394 [denial of motion to vacate order and judgment denying third party claim].)

At least one court has reached a similar conclusion where a clerk entered a nonappealable judgment. In *Pazderka v. Caballeros Dimas Alang, Inc.* (1998) 62 Cal.App.4th 658 (*Pazderka*), the defendant successfully moved to vacate a judgment entered by the clerk pursuant to a settlement under section 998, and the plaintiffs appealed. (*Pazderka*, at pp. 663–665.) Upon finding that a section 998 judgment is not appealable, *Pazderka* held the appropriate procedure to challenge such a judgment is to bring a motion to vacate the judgment pursuant to section 473. (*Pazderka*, at pp. 667–668.) *Pazderka* then considered whether a court ruling on a section 473 motion is appealable. After declaring that a denial of such a motion is generally nonappealable,[2] *Pazderka* observed, albeit in dictum, that courts "have carved out an exception to this

---

[2]    *Pazderka* cited no authority supporting this particular declaration, but may have been contemplating denials of motions to vacate orders that are interlocutory in character.

4

rule:  a party may appeal when the order to vacate denies a motion to set aside a discretionary dismissal.  'A party seeking under section 473 to relieve himself of a dismissal injects into the case new elements of mistake, inadvertence, surprise and excusable neglect.  Newly revealed facts, or the hitherto unrevealed impact of known facts, may demonstrate that the moving party was effectually deprived of a meaningful opportunity to defend against the original motion." (*Pazderka*, at p. 668.)  *Pazderka* reasoned that, even though a clerk-entered section 998 judgment is not subject to appeal because there is no record sufficient for appellate review (*Pazderka*, at p. 667), the denial of a section 473 motion to vacate that judgment involves the court's exercise of discretion based on evidence introduced into the record and therefore is appealable.  (See *Pazderka*, at pp. 668–669.)  Inasmuch as section 473 also expressly authorizes relief from dismissals, the logic of this reasoning applies with equal force to a court's order denying relief from a voluntary dismissal.  In such cases, the evidentiary record and the court's interpretation and application of section 473 based on that record should likewise be sufficient to review whether the denial was in error.[3]

Finally, a determination of appealability finds support in *Bice v. Stevens* (1958) 160 Cal.App.2d 222.  There, the plaintiffs' attorney announced at trial that his clients were dismissing their action with prejudice as to one of the defendants.  (*Id.* at p. 224.)  As relevant here, the plaintiffs subsequently moved to set aside the judgment of dismissal, claiming their attorney's dismissal motion was made by "mistake, inadvertence, excusable neglect, and without authority from the plaintiffs." (*Id*. at p. 225.)  *Bice* concluded the order denying the plaintiffs' motion was appealable, though the appeal had been untimely filed.  (*Ibid*.)

We conclude the order denying relief under section 473 is appealable.

---

[3]     We note *Pazderka* addressed the issue of appealability in the context of a court order that *granted*, rather than *denied*, a motion to vacate a section 998 judgment.  We express no view as to the appealability of an order vacating a judgment or dismissal. (See *H.D. Arnaiz, supra*, 96 Cal.App.4th at p. 1366 [expressing no opinion as to *Pazderka*, but agreeing that "where a court denies a motion to vacate a settlement judgment there is a final judgment ripe for judicial review"].)

## B. Section 473(b)'s Mandatory Relief Provision

Jackson asserts the trial court erred in denying relief from her dismissal without prejudice. Among other things,[4] she contends the court improperly applied the reasoning in *Huens*, *supra*, 52 Cal.App.4th 259, to conclude that relief under the mandatory provision of section 473(b) is unavailable for the type of dismissal entered in this case. In addressing this contention, we assume for purposes of argument that Horowitz acted as Jackson's attorney within the meaning of section 473(b).

Section 473(b) provides "two distinct provisions for relief" from default or dismissal. (*Even Zohar Construction & Remodeling, Inc. v. Bellaire Townhouses, LLC* (2015) 61 Cal.4th 830, 838 (*Even Zohar*). One affords discretionary relief, and the other makes relief mandatory. (*Martin Potts & Associates, Inc. v. Corsair, LLC* (2016) 244 Cal.App.4th 432, 438 (*Martin Potts*).) While section 473(b)'s general purpose is "to promote the determination of actions on their merits," the more specific purposes of the mandatory relief provision are to " 'relieve the innocent client of the burden of the attorney's fault, to impose the burden on the erring attorney, and to avoid precipitating more litigation in the form of malpractice suits.' " (*Even Zohar*, at p. 839.) Only the mandatory relief provision of section 473(b) is at issue here.

Whether the mandatory relief provision applies in the context of a voluntary dismissal such as the one here is a matter of statutory construction, subject to de novo review. (See *Henderson v. Pacific Gas & Electric Co.* (2010) 187 Cal.App.4th 215, 226 (*Henderson*).) " 'Our fundamental task in construing' " section 473 " 'is to ascertain the intent of the lawmakers so as to effectuate the purpose of the statute.' " (*Even Zohar*, *supra*, 61 Cal.4th at p. 837.)

Section 473(b)'s mandatory relief provision states in pertinent part: "Notwithstanding any other requirements of this section, the court shall, whenever an

---

[4] Jackson additionally claims the trial court incorrectly concluded that Horowitz did not represent Jackson at the time of her voluntary dismissal and that mandatory relief could not be granted because Horowitz did not appear as counsel of record in the case until after the dismissal was filed.

application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any (1) resulting default entered by the clerk against his or her client, and which will result in entry of a default judgment, or (2) resulting default judgment or *dismissal* entered against his or her client, unless the court finds that the default or *dismissal* was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect. The court shall, whenever relief is granted based on an attorney's affidavit of fault, direct the attorney to pay reasonable compensatory legal fees and costs to opposing counsel or parties." (Italics added.)

As indicated, while the foregoing provision affords *mandatory* relief to a party from a "default judgment or dismissal" caused by an "attorney's mistake, inadvertence, surprise, or neglect," section 473(b) also provides for *discretionary* relief from "a judgment, *dismissal*, order, or other proceeding taken against [the party] through his or her mistake, inadvertence, surprise, or *excusable* neglect." (§ 473(b), italics added.) By its terms, the mandatory provision applies when the dismissal is caused by an attorney's mistake, inadvertence, surprise, or neglect, whether or not excusable. (See *Huens*, *supra*, 52 Cal.App.4th at p. 262.) In contrast, the discretionary provision may apply to cases involving attorney mistake only when the mistake is excusable. (See *Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 258 (*Zamora*).) In this regard, the law is clear that attorney conduct falling below the professional standard of care is not excusable. (*Ibid.*) " 'To hold otherwise would be to eliminate the express statutory requirement of excusability and effectively eviscerate the concept of attorney malpractice.' " (*Ibid.*)

It has long been established that discretionary relief under section 473(b) is available for voluntary judgments and dismissals. (*Zamora*, *supra*, 28 Cal.4th at p. 254.) That is, "a party who 'consented to the dismissal to his injury, under a mistake of fact' " may be eligible for discretionary relief. (*Ibid.*, citing *Palace Hardware Co. v. Smith* (1901) 134 Cal. 381, 384 [voluntary dismissal entered pursuant to a settlement agreement].)

7

In contrast to the comparatively broad array of orders for which section 473(b) has long permitted discretionary relief, its mandatory relief provision was enacted in 1988 and initially applied only to default judgments caused by attorney error. (Stats. 1988, ch. 1131, § 1.) In 1992, the Legislature approved a bill that added the term "dismissal" to that provision. (Stats. 1992, ch. 876, § 4.) That section 473(b) restricts the availability of mandatory relief to only a "default judgment or dismissal" is significant. As the court reasoned in *English v. IKON Business Solutions, Inc.* (2001) 94 Cal.App.4th 130 (*English*): "In determining the Legislature's intent in adding the word 'dismissal' to the mandatory provision of section 473(b), we must construe the word in the context of the provision in which it appears, 'striving to harmonize the provision internally. . . .' [Citation.] In doing so, we are guided by the principle of statutory construction known as *noscitur a sociis*, i.e., it is known from its associates. [Citation.] ' "In accordance with this principle of construction, a court will adopt a restrictive meaning of a listed item if acceptance of a more expansive meaning would make other items in the list unnecessary or redundant, or would otherwise make the item markedly dissimilar to the other items in the list." ' " (*English*, at p. 145.)

Applying the principle of *noscitur a soccis*, various courts of appeal have concluded the mandatory relief provision is intended to reach only those dismissals that are "procedurally equivalent to a default." (*Peltier v. McCloud River R.R. Co.* (1995) 34 Cal.App.4th 1809, 1817 (*Peltier*), relying on *Graham v. Beers* (1994) 30 Cal.App.4th 1656, 1660–1661, *Tustin Plaza Partnership v. Wehage* (1994) 27 Cal.App.4th 1557, 1565–1566; see *Generale Bank Nederland v. Eyes of the Beholder Ltd.*, *supra*, 61 Cal.App.4th at p. 1397.) "[A] default judgment is entered when a defendant fails to appear, and, under section 473, relief is afforded where the failure to appear is the fault of counsel." (*Peltier*, at pp. 1820–1821.) Similarly, "a dismissal may be entered where a plaintiff fails to appear in opposition to a dismissal motion, and relief is afforded where that failure to appear is the fault of counsel." (*Id*. at p. 1821)

As *English* summarized, dismissals that are sufficiently distinct from a default, thereby falling outside the scope of the mandatory provision, include "(1) a dismissal

8

following the sustaining of a demurrer without leave to amend on the ground the statute of limitations had run [citation]; (2) a voluntary dismissal pursuant to a settlement agreement [citation]; and (3) a mandatory dismissal for failure to serve a complaint within three years [citation]." (*English*, *supra*, 94 Cal.App.4th at p. 146.) Such a construction is consistent with legislative history indicating lawmakers added dismissals to the provision in response to a concern that it was "illogical and arbitrary to allow mandatory relief for defendants when a default judgment has been entered against them due to defense counsel's mistakes and to not provide *comparable relief to plaintiffs whose cases are dismissed for the same reason*." (Assem. Com. on Judiciary, Analysis of Assem. Bill. No. 3296 (1991-1992 Reg. Sess.) as amended May 4, 1992, p. 2, italics added; see *Peltier*, *supra*, 34 Cal.App.4th at pp. 1820–1821.) Moreover, such a construction prevents the statute "from being used indiscriminately by plaintiffs' attorneys as a 'perfect escape hatch' [citation] to undo dismissals of civil cases.' " (*Huens*, *supra*, 52 Cal.App.4th at p. 263.)

In *Huens*, *supra*, 52 Cal.App.4th 259, the plaintiff voluntarily dismissed her action after settling with the defendants and their liability insurers. (*Id*. at p. 261.) Shortly thereafter, she moved to vacate that dismissal under both the discretionary and mandatory relief provisions of section 473(b) on ground that her attorney miscalculated the amount of available liability coverage. (*Huens*, at p. 262.) *Huens* concluded the trial court properly denied discretionary relief because the attorney's mistake was not excusable. (*Id*. at p. 265.) In upholding the denial of mandatory relief for the voluntary dismissal, *Huens* noted "the section's purpose was simply 'to put plaintiffs whose cases are dismissed for failing to respond to a dismissal motion on the same footing with defendants who are defaulted for failing to respond to an action.' " (*Id*. at p. 264.) Moreover, *Huens* observed, "[t]he purpose of the statute was to alleviate the hardship on parties who *lose their day in court* due solely to an inexcusable failure to act on the part of their attorneys. There is no evidence the amendment was intended to be a catch-all remedy for every case of poor judgment on the part of counsel which results in dismissal." (*Ibid*.)

9

Jackson argues the holding in *Huens* should be limited to "the unique context where a dismissal was filed after, and resulting from, a comprehensive settlement agreement that was negotiated at arm's length between the parties." In other words, *Huens* should not be followed where, as here, the defendant had not yet appeared in the case at the time the dismissal was entered. We are not persuaded. The California Supreme Court has declared that the Legislature, in mandating relief for dismissals caused by inexcusable attorney error, "created a narrow exception to the discretionary relief provision for default judgments and dismissals." (*Zamora*, *supra*, 28 Cal.4th at p. 257; see *Martin Potts*, *supra*, 244 Cal.App.4th at p. 438.) Because we agree that the mandatory relief provision reaches only those dismissals that are "procedurally equivalent to a default" (*Peltier*, *supra*, 34 Cal.App.4th at p. 1817), we conclude mandatory relief is unavailable to undo Jackson's voluntary dismissal of her action, even assuming the dismissal was due to her attorney's erroneous advice (see *Huens*, *supra*, 52 Cal.App.4th at p. 265).

Jackson also notes the California Supreme Court criticized two aspects of *Huens* in *Zamora*, *supra*, 28 Cal.4th 249. *Zamora*, however, was a case construing the discretionary relief provision of section 473, and its criticisms extended to only those parts of *Huens*'s analysis that could be read to bear on the discretionary provision. First, *Zamora* disagreed with *Huens* to the extent it suggested the statute's " 'use of the word "against" ' limits the discretionary relief provision of section 473, subdivision (b) to '*involuntary* dismissals.' " (*Zamora*, at p. 256, citing *Huens*, *supra*, 52 Cal.App.4th at p. 264.) On this point, *Zamora* observed that the plain meaning of "the word 'against' indicates nothing about the voluntariness of any action." (*Ibid*.) Second, *Zamora* criticized the concurring opinion in *Huens* for its view that "the verb 'taken' as used in the discretionary relief provision 'implies that the adverse action must be involuntary. ' " (*Zamora*, at p. 256.) "Because the Legislature has used the verb 'taken' in conjunction with a voluntary judgment," *Zamora* doubted that the verb was intended "to limit the discretionary relief provision to involuntary dismissals." (*Zamora*, at p. 257.)

10

Notably, however, *Zamora* said nothing that casts doubt on *Huens*'s holding that section 473(b)'s *mandatory* relief provision "limits the class of targeted dismissals and makes clear that only *involuntary* dismissals are affected." (*Huens*, *supra*, 52 Cal.App.4th at p. 264.) Indeed, *Zamora* quoted *Huens* in commenting that " '[t]he purpose of this provision 'was to alleviate the hardship on parties who *lose their day in court* due solely to an inexcusable *failure to act* on the part of their attorneys.' " (*Zamora*, *supra*, 28 Cal.4th at p. 257, some italics added.)

Having concluded that section 473(b)'s mandatory relief provision is unavailable to undo Jackson's voluntary dismissal of her action, we need not and do not address the other basis for the trial court's denial of relief, i.e., that Horowitz did not represent Jackson at the time she filed her request for a dismissal.

**DISPOSITION**

The judgment is affirmed.

11

_____

Fujisaki, J.


We concur:


_____

Siggins, P.J.


_____

Petrou, J.


A150833

Merilyn Jackson v. Kaiser Foundation Hospitals

(A150833)


Trial court:          Alameda County


Trial Judges:        Hon. Dennis Hayashi


Attorneys:           Merilyn Jackson (Pro Per) for Plaintiff and Appellant.

Foster Employment Law, Jesper I. Rasmussen for Defendant and Respondent.