Filed 6/11/20

# CERTIFIED FOR PUBLICATION

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| WENDY Y. HERNANDEZ,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>FCA US LLC et al.,<br><br>    Defendants and Respondents. | B296516<br><br>(Los Angeles County<br>Super. Ct. No. BC668240) |

    APPEAL from order of the Superior Court of Los Angeles County, Michael P. Linfield, Judge.  Affirmed.

    Knight Law Group, Steve Mikhov, Amy Morse; Law Office of Michael H. Rosenstein, Michael H. Rosenstein; Greines, Martin, Stein & Richland and Cynthia Tobisman for Plaintiff and Appellant.

    Hawkins Parnell & Young and Ryan K. Marden for Defendants and Respondents.

# INTRODUCTION

Plaintiff Wendy Y. Hernandez (Hernandez) settled her civil action as the prevailing party. After the settlement was put on the record, the trial court set a hearing three months out on an order to show cause (OSC) re dismissal, and ordered any motion for attorney fees to be filed and heard before the OSC date. Due to mistake, inadvertence, or neglect by counsel, Hernandez filed no motion for fees by the court-ordered deadline. The trial court refused to extend the deadline for the motion and, one month later, dismissed the action pursuant to the settlement agreement.

Four months later, Hernandez's counsel filed a motion to set aside the dismissal pursuant to the mandatory relief provision of Code of Civil Procedure[1] section 473, subdivision (b). The trial court denied the motion, stating counsel's mistake or inadvertence in not filing a timely attorney fees motion did not cause the dismissal of the action. Rather, counsel's error simply caused plaintiff to lose the opportunity to file her fee motion.

We agree and affirm.

# FACTUAL AND PROCEDURAL BACKGROUND

A.    *Relevant Background Information*

On July 13, 2017, Hernandez filed a civil complaint against FCA US LLC and Cerritos Dodge, Inc. (collectively defendants) for violations of the Song-Beverly Act (§ 1793.2) and negligent repair of her vehicle.

---

[1]    All further statutory references are to the Code of Civil Procedure, unless otherwise stated.

2

Hernandez was represented by Knight Law Group (Knight) and the Law Offices of Michael H. Rosenstein (Rosenstein). Knight was to draft motions and handle other filings on behalf of Hernandez, while Rosenstein was to appear in court for trial and other hearings. Knight's usual practice with co-counsel was to rely upon co-counsel to "advise . . . what happened at the hearings and what deadlines have been set—most importantly, so that Knight can draft all motions and other pleadings that are necessary pursuant to the trial court's orders and deadlines."

B.    *Parties' Settlement and Court's Orders*

On May 14, 2018, the first day of trial, the parties advised the court that they had settled the case. Rosenstein read the terms of the settlement into the record. Among other things, the settlement deemed Hernandez the prevailing party for purposes of filing a motion for attorney fees and costs. It provided that attorney fees and costs would be determined by agreement of the parties or by noticed motion. It also provided that Hernandez would "file a request for dismissal of all causes of action against all defendants with prejudice upon payment of the entire settlement amount as well as any attorney's fees and costs." The court confirmed with all parties that they understood the terms of the settlement and were in agreement.

The court followed up: "The only question for the court, then, is if there's an attorney's fees motion, I want to get a deadline. I want to set an OSC re dismissal and any attorney's fees motion, if you don't stipulate or agree to it, it would have to be heard prior to that time." The court noted it will "put out [the] OSC re dismissal . . . 90 days" and told counsel it would "give you time to agree on attorney's fees or you'll be filing your motion – or your opposition." The court set the "Order to Show Cause re

3

Dismissal per Settlement" for August 16, 2018; the court repeated again that any fee "motion [is] to be heard prior to that time."[2]

Later that day, Rosenstein sent Knight an email with the terms of settlement. The relevant portions of that email state: "The case settled for $77,500.00. The terms of the settlement were put on the record. Attorneys' fees and costs by motion. Plaintiff is the prevailing party for purposes of our fee motion. . . . Plaintiff will file a request for dismissal of all causes of action against all Defendants upon full payment of the settlement amount as well as attorneys' fees and costs. [¶] The Judge would not permit an OSC set further out. This was the latest date he was willing to provide." The email then set out the date and time of the upcoming hearing (August 16, 2018 at 8:30 a.m.) and the type of hearing (OSC re dismissal), and specified that notice was waived.

C.     *OSC re Dismissal and Hernandez's Ex Parte Application*

On August 16, 2018, Knight appeared in court on behalf of Hernandez. The court indicated the deadline for the motion for attorney fees "has passed and is not continued."[3] The court continued the OSC re dismissal to September 18, 2018.

On September 18, 2018, Hernandez filed an ex parte application for relief from the "untimely filing and hearing of her

---

[2]     The minute order from the May 14, 2018 hearing also specifies: "All motions are to be scheduled and heard prior to the above-mentioned hearing date."

[3]     The record does not include a reporter's transcript of the August 16, 2018 hearing; we were, however, provided with the minute order.

4

Motion for Attorney Fees, [or] in the alternative, for an extension of time to file and hear [her] Motion for Attorney Fees." Hernandez argued she was entitled to relief under rule 3.1702(d) of the California Rules of Court and the discretionary relief provision of section 473, subdivision (b), because her counsel Rosenstein failed to notify co-counsel Knight of the court's deadline to file the motion for attorney fees. Hernandez argued that without relief, she "may be barred from recovering fees in this action despite the agreed-upon terms of the parties' settlement agreement."

The court held a combined hearing on Hernandez's ex parte request and the OSC re dismissal. It first addressed Hernandez's ex parte request. The court discussed what constitutes "excusable neglect" warranting relief under section 473, subdivision (b), and stated a court may grant relief "when a mistake is excusable and the party seeking relief has been diligent." The court found there was neither excusable neglect by Hernandez's counsel nor was counsel diligent in bringing the ex parte application. The court reminded Knight it had appeared on behalf of Hernandez on August 16, 2018, and knew then of the court's refusal to continue the deadline for the fee motion. "Today is now 33 days later. I get an ex parte on today's date. You didn't come back the day after August 16th . . . or the weekend afterwards . . . . So I don't see any diligence here. This has been now more than a month, and you are waiting until the day of the OSC re dismissal, which is obviously today."

The court further explained: "I'm not exercising my discretion [under section 473, subdivision (b)] because I don't think, in this case, that the neglect either was excusable or that there was diligence. I would have – I may well have thought

5

differently had you come back in right after August 16th and said, you know, 'Oops, we made a mistake, and we are asking for ex parte relief.' It's – this is 33 days later; we are now on September 18th, not August 16th. [¶] Today is the OSC re dismissal. To give the court the ex parte on the day that you know the case is going to be dismissed, I don't think that's diligence." The court denied Hernandez's ex parte application.

The court then addressed the OSC. It found no cause exists "as to why the case should not be dismissed" and ordered the action dismissed.

D.    *Hernandez's Motion to Set Aside Dismissal*

On January 25, 2019, Hernandez filed a motion to set aside dismissal under the mandatory relief provision of section 473, subdivision (b), on the ground that counsel's inadvertence, mistake, or neglect caused her action to be dismissed. She contended she met the requirements for mandatory relief because her motion to set aside was timely filed, in proper form, and accompanied by an attorney's sworn affidavit of fault. She argued the issue of attorney fees was the only outstanding issue to be resolved as part of the settlement and Rosenstein's failure to inform Knight about the court's deadline for the fee motion "was the direct cause" of Hernandez's failure to timely file and set a fee motion before the August 16, 2018 deadline, which "in turn, resulted in the court dismissing the case."

On February 25, 2019, the court engaged in lengthy back-and-forth discussion and argument with Hernandez's counsel, who argued "it was the failure to file the attorneys' fees motion that was the precipitating event that caused dismissal." The court disagreed and denied the motion.

6

The trial court found: "This case was not dismissed because of the mistake or neglect of counsel. The case was dismissed because the parties had reached a settlement and [Hernandez] has been paid in full under her settlement." The court further found: "It appears that the failure to file the attorney's fee motion was caused by counsel's mistake or neglect." Further, "vacating the dismissal would be a futile act" because "even if the Court were to grant the motion to vacate the dismissal, [Hernandez's] motion for attorneys fees would still be untimely."

The court commented: "[Section] 473(b) is designed to protect an innocent party, normally a plaintiff . . . from having his or her case dismissed because the attorney goofed, to put it in non-legal terms." The court continued: "[Section] 473(b) doesn't save an attorney or an attorneys' fees motion because of an attorney's goof."

This appeal followed.

## DISCUSSION

A. *Applicable Law*

Section 473, subdivision (b) provides two separate provisions for relief from default or dismissal. (*Jackson v. Kaiser Foundation Hospitals, Inc.* (2019) 32 Cal.App.5th 166, 173 (*Jackson*).) "One affords discretionary relief, and the other makes relief mandatory." (*Ibid.*) The mandatory relief provision acts as a "narrow exception to the discretionary relief provision for default judgments and dismissals." (*Zamora v. Clayborn Contracting Group* (2002) 28 Cal.4th 249, 257.) The appeal before us arises solely under the mandatory relief provision of section 473, subdivision (b), as that was the basis upon which

7

Hernandez requested the court set aside its September 18, 2018 dismissal in the underlying action.

Section 473, subdivision (b)'s mandatory relief provision provides, in pertinent part: "Notwithstanding any other requirements of this section, the court shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any (1) resulting default entered by the clerk against his or her client, and which will result in entry of a default judgment, or (2) resulting default judgment or dismissal entered against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect." (§ 473, subd. (b).)

By its terms, the mandatory provision applies when dismissal is caused by an attorney's mistake, inadvertence, surprise, or neglect—whether or not excusable. (*Jackson, supra,* 32 Cal.App.5th at p. 174.) " '[I]f the prerequisites for the application of the mandatory provision of section 473, subdivision (b) exist, the trial court does not have discretion to refuse relief.' " (*Gee v. Greyhound Lines, Inc.* (2016) 6 Cal.App.5th 477, 484 (*Gee*) [citing *Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 603, 612 (*Leader*)].)

B.    *Standard of Review*

Where, as here, applicability of the mandatory relief provision does not turn on disputed facts, but rather, presents a pure question of law, it is subject to de novo review. (*Leader, supra,* 89 Cal.App.4th at p. 612.)

8

C.    *Analysis*

Let us go through the language of section 473(b) and ascertain whether Hernandez has satisfied the requirements of the statute.

Procedurally, an application for mandatory relief must be made "no more than six months after entry of judgment." (§ 473, subd. (b).)  Here, Hernandez filed her motion to set aside the dismissal on January 25, 2019—within four months of the court's September 18, 2018 order dismissing the case.

Next, the application must be in "proper form."  (§ 473, subd. (b).)  Legislature intended the phrase "in proper form" to encompass the mandate that the application for relief under section 473, subdivision (b) be accompanied by the pleading proposed to be filed therein.  (*Carmel, Ltd. v. Tavoussi* (2009) 175 Cal.App.4th 393, 401.)  Here, Hernandez's proposed motion for attorney fees was attached as an exhibit to a declaration filed in support of Hernandez's motion to set aside the dismissal.

The application must include "an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect."  (§ 473, subd. (b).)  The motion included the declaration of an attorney from Rosenstein, who declared that his failure to inform Knight about the court's deadline for the attorney fee motion was "the direct cause of [Hernandez's] failure to file a motion for attorney's fees prior to the August 16, 2018 OSC hearing.  This, in turn, resulted in the Court dismissing the case on September 18, 2018 because attorney's fees were the only outstanding issue to be resolved."

So far, we have three for three.  And now, the final requirement.  The trial court is required to vacate the dismissal "*unless the court finds that the default or dismissal was not in*

9

*fact caused by the attorney's mistake, inadvertence, surprise, or neglect.*" (§473, subd. (b), italics added.)

The trial court here made explicit findings as to causation. It noted: "This case was not dismissed because of the mistake or neglect of counsel. The case was dismissed because the parties had reached a settlement and [Hernandez] has been paid in full under her settlement." The court found "the failure to file the attorney's fee motion was caused by counsel's mistake or neglect." Hernandez disagrees and repeats the same argument on appeal—that the failure to file the attorney fees motion caused the dismissal of the case.

Based on the undisputed facts recited above, we agree with the trial court that, as a matter of law, dismissal was not caused by counsel's error. (*Huh v. Wang* (2007) 158 Cal.App.4th 1406, 1414; *Solv-All v. Superior Court* (2005) 131 Cal.App.4th 1003, 1010.) We hold that application of section 473, subdivision (b)'s mandatory provision, as requested by Hernandez, is far beyond the limited confines of the statute as intended by the Legislature. " ' "Although the statute on its face affords relief from unspecified 'dismissal' caused by attorney neglect, our courts have, through judicial construction, prevented it from being used indiscriminately by plaintiffs' attorneys as a 'perfect escape hatch' [citation] to undo dismissals of civil cases." ' " (*Leader*, *supra*, 89 Cal.App.4th at p. 618.) " ' "There is no evidence the amendment was intended to be a catch-all remedy for every case of poor judgment on the part of counsel which results in a dismissal." ' " (*Ibid.*; see also *id*. at p. 620 [discussion on legislative intent as to § 473, subd. (b)].) Courts have interpreted the mandatory relief provision concerning dismissals "so as to harmonize its stated goal (giving dismissed plaintiffs

10

comparable relief to that afforded to defaulted defendants) with the statutes which authorize dismissal." (*Leader*, at p. 618; see *Gee*, *supra*, 6 Cal.App.5th at p. 484 [generally, the applicability of the mandatory provision is limited to those dismissals procedurally equivalent to defaults].)

Counsel's error did not deprive Hernandez of her " 'day in court.' " (*Leader*, *supra*, 89 Cal.App.4th at p. 621 ["In any event, the 'day in court' envisioned by [prior court] decisions is not a guaranteed trial on the merits, but merely the opportunity to appear and present evidence and argument *in opposition to the motion to dismiss*"].)  Hernandez had her day in court and consequently settled her case as the prevailing party.  What she lost, for lack of a better word, was the opportunity to file and litigate her motion for attorney fees and costs before the court dismissed her settled case.

At oral argument, counsel for Hernandez argued the trial court *abused its discretion* when it foreclosed Hernandez from receiving attorney fees, which was part of her agreed-upon settlement.  We find no abuse of discretion by the trial court in using its inherent supervisory powers to manage proceedings before it and to set deadlines to ensure the timely handling of cases assigned to it.  "A court has inherent power to exercise reasonable control over all proceedings connected with the litigation before it." (*Mowrer v. Superior Court* (1969) 3 Cal.App.3d 223, 230.)  In addition to its inherent power, the Legislature "has granted the power to every court to provide for the orderly conduct of proceedings before it." (*Ibid*.) " 'California's Constitution provides the courts . . . with inherent powers to control judicial proceedings.  [Citations.]  To the same effect, Code of Civil Procedure section 128, subdivision (a)(8)

11

authorizes every court "[t]o amend and control its process and orders so as to make them conform to law and justice." This provision is consistent with and codifies the courts' traditional and inherent judicial power to do whatever is necessary and appropriate, in the absence of controlling legislation, to ensure the prompt, fair, and orderly administration of justice.' " (*Kinney v. Clark* (2017) 12 Cal.App.5th 724, 740.)

Here, after the parties reached a settlement, the court used its inherent supervisory power to set the hearing on the OSC re dismissal 90 days out, providing counsel plenty of time to file the attorney fees motion, and allowing the trial court to ensure the timely and speedy resolution of the proceeding before it. Further, given the conflicting information in Rosenstein's May 14, 2018 email to Knight regarding how the case would be dismissed,[4] this inconsistency should have alerted counsel that something was miscommunicated or misconstrued from the court's ruling— enough to have caused either counsel to check the case's online docket and/or the court's minute order.

Our reading of the mandatory provision of section 473, subdivision (b) and the long line of cases applying this section compels us not to endorse an overly expansive interpretation of the statute. Counsel missed the court-ordered deadline to move for attorney fees. Section 473 provides no relief for such error.

---

[4] Rosenstein specified in his email both that (1) the judge would not permit an OSC re dismissal set later than August 16, 2018, and that (2) Hernandez "will file a request for dismissal of all causes of action against all Defendants upon full payment of the settlement amount as well as attorneys' fees and costs."

## DISPOSITION

The order is affirmed.  Respondents FCA US LLC and Cerritos Dodge, Inc. are awarded costs.

## CERTIFIED FOR PUBLICATION

STRATTON, J.

We concur:

GRIMES, Acting P. J.

WILEY, J.

13