Filed 11/8/23  Vardanian v. Volkswagen Group of America CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| MARIAM VARDANIAN et al., | B322649 |
| Plaintiffs and Appellants, | |
| v. | (Los Angeles County Super. Ct. No. 21STCV40574) |
| VOLKSWAGEN GROUP OF AMERICA, INC., | ORDER MODIFYING OPINION |
| Defendant and Respondent. | NO CHANGE IN JUDGMENT |

THE COURT:*

On the court's own motion and good cause appearing,

IT IS HEREBY ORDERED that the opinion filed herein on October 25, 2023, be modified as follows:

Replace footnote 1 on pages 7-8 with the following footnote:

1      Appellants argue that Margarian's mistake of signing a dismissal on the wrong case was merely a human error and not a mistake of law.  However, an

attorney's failure to read documents the attorney has signed to be filed in court is unprofessional and can be sanctionable. (See, e.g., *In re White* (2004) 121 Cal.App.4th 1453, 1456-1457 [sanctions appropriate where attorney filed frivolous habeas corpus petitions and "admitted that before signing them and having them filed, he did not even read the petitions"].) Counsel clarified at oral argument that he did read the filing, but failed to cross-check the case number. This factual clarification should have been made to the trial court in the first instance so the court could have exercised its discretion accordingly.

The modification does not affect the judgment.

_____

*ASHMANN-GERST, Acting P. J.    CHAVEZ, J.    HOFFSTADT, J.

Filed 10/25/23  Vardanian v. Volkswagen Group of America CA2/2 (unmodified opinion)

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| MARIAM VARDANIAN et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> VOLKSWAGEN GROUP OF AMERICA, INC., <br><br> Defendant and Respondent. | B322649 <br><br> (Los Angeles County Super. Ct. No. 21STCV40574) |

APPEAL from an order of the Superior Court of Los Angeles County, Malcolm H. Mackey, Judge.  Affirmed.

The Margarian Law Firm, Hovanes Margarian, Armen Margarian and Shushanik Margarian for Plaintiffs and Appellants.

Squire Patton Boggs, Nathaniel K. Fisher, Sean P. Conboy and Andrew Yu-Chih for Defendant and Respondent.

* * * * * *

Mariam Vardanian and Sarkis Kizirian (appellants) appeal from an order denying their postjudgment motion to vacate dismissal and reinstate action brought pursuant to Code of Civil Procedure section 473 (section 473). Appellants argue that the trial court erred in denying their motion under both the discretionary and mandatory provisions of section 473, subdivision (b). We find no error and affirm the order.

## BACKGROUND

**The litigation and settlement**

In December 2018, appellants leased a 2018 Audi A6 (the vehicle) warranted by respondent Volkswagen Group of America, Inc. (respondent). After being in appellants' possession for several months, appellants observed defects in the vehicle. Repair facilities authorized by respondent were unable to repair the defects within a reasonable number of attempts.

In November 2021, appellants brought claims against respondent based on alleged design and manufacturing defects in the vehicle.

Shortly thereafter, respondent served appellants with an offer to compromise pursuant to Code of Civil Procedure section 998 (section 998). The offer to compromise provided that respondent would pay a specified sum to appellants in exchange for appellants' transfer of the vehicle back to respondent. The offer to compromise contained the following provision regarding appellants' recovery of costs and attorney fees:

"[Respondent] will pay [appellants'] costs and expenses incurred in this action, including [appellants'] attorney's fees in the amount of $1,000.00; *or, at [appellants'] option*, pursuant to

2

Cal. Civil Code § 1794(d) pay a sum equal to the aggregate amount of costs and expenses, including [appellants'] attorney's fees based on actual time expended, determined by the Court to have been reasonably incurred by the [appellants] in connection with the commencement and prosecution of this action . . . ."

Appellants accepted the offer to compromise, in writing, on December 22, 2021. On January 12, 2022, respondent filed and served notice of appellants' acceptance of the offer to compromise. On February 17, 2022, appellants filed a "Notice of Settlement of Entire Case," which noted that dismissal of the case was conditioned on the satisfaction of specified terms to be performed within 45 days and that a request for dismissal would be filed no later than June 10, 2022.

On March 14, 2022, counsel for respondent received notice that appellants had surrendered the vehicle, thus satisfying their obligation under the section 998 agreement. On March 18, 2022, respondent transferred the settlement funds to appellants.

According to the declaration of appellants' attorney Hovanes Margarian in support of appellants' motion to vacate dismissal and reinstate action, on March 25, 2022, Margarian accidentally marked this case as settled. On March 28, 2022, he filed a request for dismissal. However, he did not want the matter to be dismissed. Specifically, Margarian stated: "The case was accidentally marked as 'settled.' As a result, a dismissal motion was drafted and sent to me for review and my signature. I was expecting a dismissal motion at this time for another case and mistakenly assumed this dismissal motion was for that case. I did not realize that the dismissal motion was for this action. I did not discover this error until after the case was filed for dismissal."

The request for dismissal with prejudice was filed on March 28, 2022. The dismissal was entered on the same date.

**Motion to vacate dismissal and reinstate action**

On May 17, 2022, appellants filed the motion to vacate dismissal and reinstate action. Attorney Margarian explained his error, stating that a legal assistant marked the case as settled and drafted the dismissal motion. "Mr. Margarian, believing this was a dismissal for a different case for which he was expecting a dismissal motion, did not read the document, and mistakenly signed it." The motion was supported by a declaration from Attorney Margarian attesting to the events surrounding the request for dismissal. Appellants sought a ruling that the dismissal was the result of mistake, surprise, inadvertence and/or excusable neglect pursuant to section 473, subdivision (b).

Respondent opposed the motion.

A hearing took place on June 8, 2022. After the hearing, the court adopted its tentative ruling denying appellants' motion. The court found that the exhibits demonstrated that appellants intended to resolve the case pursuant to the section 998 offer and that the accepted offer had been mostly performed. The court cited *Jerry's Shell v. Equilon Enterprises, LLC* (2005) 134 Cal.App.4th 1058, 1074 (*Jerry's Shell*) for the proposition that relief is not mandatory based on counsel's admission of fault where counsel made a tactical choice. The court further noted that "any failure of counsel to read what counsel was signing is inexcusable for a professional."

On August 5, 2022, appellants filed their notice of appeal from the order after judgment.

4

**DISCUSSION**

## I.    Applicable law and standards of review

Section 473, subdivision (b), contains two distinct provisions for relief from default. (*Even Zohar Construction & Remodeling, Inc. v. Bellaire Townhouses, LLC* (2015) 61 Cal.4th 830, 838.) The first provision "is discretionary and broad in scope." (*Ibid.*) It provides that "[t]he court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect." (§ 473, subd. (b).)

"'A ruling on a motion for discretionary relief under section 473 shall not be disturbed on appeal absent a clear showing of abuse.'" (*Zamora v. Clayborn Contracting Group, Inc.* (2002) 28 Cal.4th 249, 257 (*Zamora*).) "'Discretion is abused whenever, in its exercise, the court exceeds the bounds of reason, all of the circumstances before it being considered. The burden is on the party complaining to establish an abuse of discretion, and unless a clear case of abuse is shown and unless there has been a miscarriage of justice a reviewing court will not substitute its opinion and thereby divest the trial court of its discretionary power.'" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 566.)

The mandatory provision of section 473, subdivision (b) provides: "Notwithstanding any other requirements of this section, the court shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any (1) resulting default entered by the clerk against his or her client, and which will result in entry of a default judgment,

or (2) resulting default judgment or dismissal entered against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect."

"Whether the mandatory relief provision applies in the context of a voluntary dismissal such as the one here is a matter of statutory construction, subject to de novo review." (*Jackson v. Kaiser Foundation Hospitals, Inc.* (2019) 32 Cal.App.5th 166, 173 (*Jackson*).)

## II.    The trial court did not abuse its discretion in denying discretionary relief

The discretionary provision of section 473, subdivision (b) applies to cases involving attorney mistake "only when the mistake is excusable." (*Jackson, supra*, 32 Cal.App.5th at p. 174.) "In other words, the discretionary relief provision of section 473 only permits relief from attorney error 'fairly imputable to the client, i.e., mistakes anyone could have made.'" (*Zamora, supra*, 28 Cal.4th at p. 258.) "'Conduct falling below the professional standard of care, such as failure to timely object or to properly advance an argument, is not therefore excusable. To hold otherwise would be to eliminate the express statutory requirement of excusability and effectively eviscerate the concept of attorney malpractice.'" (*Ibid.*)

Determinations of whether the order at issue was caused by the attorney's mistake, inadvertence, surprise, or neglect "is in part a credibility determination." (*Cowan v. Krayzman* (2011) 196 Cal.App.4th 907, 915.) Here, the trial court found "no mistake, inadvertence, surprise, attorney fault, or any other ground is shown to vacate the Request for Dismissal." The court noted it was clear that "[appellants'] counsel intended to resolve

6

this case pursuant to the Section 998 offer, the legal assistant correctly noted the case was settled, and the clients cooperated with transferring the subject vehicle." In other words, the court did not find credible Attorney Margarian's statement that the case was "accidentally marked 'settled.'" Instead, the court found it was an intentional act, in keeping with appellants' tactical decision to accept respondent's section 998 offer and settle the matter. The filing of the request for dismissal of the case also aligned with appellants' decision to settle the matter, as appellants had filed a "Notice of Settlement of Entire Case" informing the court that a request for dismissal would be filed no later than June 10, 2022.

Attorney Margarian attested that he was "expecting a dismissal motion at this time for another case and mistakenly assumed this dismissal motion was for that case." Margarian admitted, "had I read the motion, I would have realized I did not want to dismiss this action and therefore I would not have accidentally signed the motion." The trial court noted that "any failure of counsel to read what counsel was signing is inexcusable for a professional." The trial court did not err in determining that an attorney's failure to read a court filing on which the attorney signed his name was conduct falling below the professional standard of care. As such, if it was a mistake, it was not excusable under the discretionary provision of section 473, subdivision (b). (*Zamora, supra,* 28 Cal.4th at p. 258.)[1]

---

[1] Appellants argue that Margarian's mistake of signing a dismissal on the wrong case was merely a human error and not a mistake of law. However, an attorney's failure to read documents the attorney has signed to be filed in court is unprofessional and

Appellants argue that the trial court erred in "arbitrarily concluding" that appellants and appellants' counsel accepted the $1,000 attorney fee provision rather than opting for an amount to be determined by the court pursuant to Civil Code section 1794, subdivision (d).  Appellants argue that the choice was never made.  Appellants point out that the $1,000 had not been paid at the time the dismissal was filed, but was instead wired by respondent to appellants' counsel after the motion to vacate was filed.  Appellants argue the trial court did not take into account that the amount of actual attorney's fees exceeded the refund amount and that respondent had not paid the $1,000 sum.[2]

The trial court was aware that the settlement agreement was not fully performed, noting that the "exchanged emails show[ed] that the accepted offer already has been mostly performed."  Appellants cite no law suggesting that a settlement agreement must be fully performed prior to voluntary dismissal of the matter.  The court was not required to infer from appellants' failure to formally opt in to the alternative attorney fee provision that no choice had been made.  Instead, the court was permitted to infer from the evidence that appellants

---

can be sanctionable.  (See, e.g., *In re White* (2004) 121 Cal.App.4th 1453, 1456-1457 [sanctions appropriate where attorney filed frivolous habeas corpus petitions and "admitted that before signing them and having them filed, he did not even read the petitions"])

[2]    Appellants' counsel returned the $1,000 wired to appellants' counsel after the motion to vacate was filed.  Thus, appellants argue, respondents have not paid any attorney's fees, costs, or expenses in this matter.

intentionally dismissed the matter as they were satisfied with the terms of the agreement.

Appellants argue that the trial court erred in relying on *Jerry's Shell, supra*, 134 Cal.App.4th 1058 for the proposition that relief is not available where an attorney has made a tactical choice. In *Jerry's Shell*, the appellants' counsel engaged in "obstructionist tactics" such as regularly failing to respond to discovery when it was due, ignoring attempts by opposing counsel to meet and confer, and failing to respond to a motion to compel. (*Id.* at p. 1073.) After the appellants were subjected to the ultimate sanction of dismissal, they sought to revive their claims through section 473, subdivision (b) relief. The *Jerry's Shell* court found that the trial court properly denied such relief, as such relief would "be rewarding and encouraging this wholly improper conduct." (*Jerry's Shell*, at p. 1074.) While appellants' counsel's actions in this matter could not be characterized as obstructionist tactics, the trial court's decision that the filing of the dismissal was a tactical decision is supported by the record. Appellants accepted respondent's offer, both parties had substantially performed, and a dismissal was an agreed-upon step in the process. Under the circumstances, it was within the trial court's discretion to deny discretionary relief. We therefore decline to find error.

### III. The trial court properly denied mandatory relief

Section 473, subdivision (b) restricts the availability of mandatory relief to a "default judgment or dismissal entered against" the attorney or his or her client. When enacted in 1988, the mandatory provision "applied only to default judgments caused by attorney error." (*Jackson, supra*, 32 Cal.App.5th at p. 174.) In 1992, the Legislature added the term "dismissal" to

9

that provision.  (*Jackson*, at p. 174, citing Stats. 1992, ch. 876, § 4, p. 4071.)  Courts have interpreted the term "dismissal" in the mandatory provision to mean "only dismissals which are procedurally equivalent to a default."  (*Peltier v. McCloud River R.R. Co.* (1995) 34 Cal.App.4th 1809, 1817 (*Peltier*); see *Generale Bank Nederland v. Eyes of the Beholder Ltd.* (1998) 61 Cal.App.4th 1384, 1396-1397; *Graham v. Beers* (1994) 30 Cal.App.4th 1656, 1660-1661; *Tustin Plaza Partnership v. Wehage* (1994) 27 Cal.App.4th 1557, 1565-1566.)

The mandatory relief provision of section 473, subdivision (b) does not apply to voluntary dismissals.  (*English v. IKON Business Solutions, Inc.*  (2001) 94 Cal.App.4th 130, 142.)  "'The purpose of the statute was to alleviate the hardship on parties who lose their day in court due solely to an inexcusable failure to act on the part of their attorneys.  There is no evidence the amendment was intended to be a catch-all remedy for every case of poor judgment on the part of counsel which results in dismissal.'"  (*Ibid.*)  Instead, the word "dismissal," as used in the mandatory provision of section 473, subdivision (b), has "a limited meaning similar to the term 'default judgment.'"  (*English, supra*, at p. 145.)  "Thus, where a defendant was entitled to mandatory relief from a 'default' or 'default judgment' resulting from attorney mistake, inadvertence, surprise, or neglect, a plaintiff would be entitled to mandatory relief from a 'dismissal' resulting from similar circumstances."  (*Ibid.*)  "[T]he mandatory provision does not apply to: (1) a dismissal following the sustaining of a demurrer without leave to amend on the ground the statute of limitations had run [citation]; (2) a voluntary dismissal pursuant to a settlement agreement [citation]; and (3) a mandatory

dismissal for failure to serve a complaint within three years [citation]."  (*Id.* at p. 146.)[3]

 *Huens v. Tatum* (1997) 52 Cal.App.4th 259 (*Huens*) criticized on other grounds in *Zamora, supra*, 28 Cal.4th at page 256, directly addressed the question of whether the mandatory provision of section 473, subdivision (b) applies to a voluntary dismissal entered pursuant to a settlement agreement.  The plaintiff voluntarily dismissed her personal injury action after settling with the defendants.  (*Huens*, at p. 261.)  Shortly thereafter, she moved to vacate the dismissal under both the discretionary and mandatory provisions of section 473, subdivision (b).  (*Huens*, at p. 262.)  The *Huens* court upheld the denial of mandatory relief, finding that "the mandatory 'attorney affidavit' provisions of section 473 cannot be used to set aside a voluntary dismissal executed pursuant to a settlement."  (*Huens*, at p. 265.)[4]  The reasoning of *Huens* and the other cases discussed

---

[3] *Solv-All v. Superior Court* (2005) 131 Cal.App.4th 1003, 1006, involved a default judgment entered against debtors where the deadline to respond to the plaintiff's complaint passed due to a miscommunication between the parties during negotiations to resolve the complaint.  Because the case involved a default judgment—not a voluntary dismissal entered pursuant to settlement—it is inapplicable.

[4] The *Huens* court also noted that "[s]ettlements are contracts.  To set them aside, one must present contractual grounds for rescission . . . .  Applying section 473 in the manner suggested here would constitute a serious intrusion into contract law by allowing a party to escape the consequences of his agreement upon the mere affidavit of his attorney that he had made an *inexcusable* error concerning the applicable facts or law.  It would also undermine our strong public policy in favor of

11

above restricting the mandatory provision of section 473, subdivision (b) to "only dismissals which are procedurally equivalent to a default," is persuasive. (*Peltier, supra*, 34 Cal.App.4th at p. 1817.) Relief from the voluntary dismissal filed in this matter is not available under the mandatory provision.

Appellants argue that they met the criteria for mandatory relief under section 473, subdivision (b) because Margarian submitted his declaration under penalty of perjury. Appellants fail to address the law detailed above holding that the mandatory provision of section 473, subdivision (b) does not apply to voluntary dismissals filed pursuant to settlement. In the absence of contrary legal authority, we find that the mandatory provision of section 473, subdivision (b) is inapplicable under the circumstances of this case.[5]

---

settlements. [Citations.] We believe the Legislature did not intend such drastic consequences to flow from such a 'noncontroversial' amendment." (*Huens, supra*, 52 Cal.App.4th at pp. 264-265.)

[5] For the first time in their reply brief, appellants cite *Wohlgemuth v. Caterpillar Inc.* (2012) 207 Cal.App.4th 1252 for the proposition that a dismissal with prejudice pursuant to a section 998 offer does not bar a plaintiff from recovering attorney fees as the prevailing party in a Song-Beverly Act case. (*Wohlgemuth*, at pp. 1263-1265.) Based on *Wohlgemuth*, appellants state: "Thus, this Court shall remand the case and award [a]ppellants their right to further litigate in order to request their attorney's fees, costs, and expenses." In *Wohlgemuth*, the plaintiffs "filed a motion for attorney fees and costs under the provisions of the Song-Beverly Act" following the entry of the dismissal with prejudice. (*Wohlgemuth*, at p. 1257.) The *Wohlgemuth* court held that the plaintiffs' voluntary

## DISPOSITION

The order is affirmed.  Respondent is awarded its costs on appeal.

_____
CHAVEZ, J.

We concur:


_____
ASHMANN-GERST, Acting P. J.


_____
HOFFSTADT, J.

_____

dismissal of the matter did not prevent them from being declared the prevailing parties under the Song-Beverly Act.  (*Wohlgemuth*, at pp. 1259-1265.)  *Wohlgemuth* does not dictate that this matter should be remanded for determination of the prevailing party or attorney fees under the Song-Beverly Act, where no such determinations were sought below.