Filed 10/2/25  Marriage of Abedi CA4/3

# NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION THREE

| | |
|---|---|
| In re the Marriage of SIMA KAZEROONI and HAMID REZA ABEDI. | |
| SIMA KAZEROONI ABEDI, Appellant, v. HAMID REZA ABEDI, Respondent. | G063541 (Super. Ct. No. 10D001726) O P I N I O N |

Appeal from a postjudgment order of the Superior Court of Orange County, James L. Waltz, Judge. Affirmed. Motion for sanctions. Denied.

Sima Kazerooni Abedi, in pro. per., for Appellant Sima Kazerooni Abedi.

John L. Dodd & Associates and John L. Dodd for Respondent Hamid Reza Abedi.

Appellant Sima Kazerooni Abedi appeals from a postjudgment order denying her motion to vacate the trial court's order regarding her former counsel's motion for attorney fees under *In re Marriage of Borson* (1974) 37 Cal.App.3d 632 (*Borson*). "*Borson* allows a discharged attorney to pursue a request for direct fee payment from the former client's spouse if the request is expressly or impliedly authorized by the former client." (*In re Marriage of Erickson & Simpson* (2006) 141 Cal.App.4th 707, 709.) Sima argues the trial court erred when it denied her motion to vacate because a referee, who made recommendations on the *Borson* motion, had a conflict of interest.[1] Respondent Hamid Reza Abedi argues the appeal must be dismissed. He asserts Sima is appealing from a nonappealable order and, even if the order were appealable, the appeal would be untimely. He contends Sima fails to comply with requirements for appellate briefs and therefore her arguments on appeal should be forfeited. He also moves for sanctions, asserting Sima filed a frivolous appeal.

We affirm the postjudgment order. We conclude the appeal is from an appealable order and is timely, but we find Sima forfeited her appellate claims.[2] We also deny the motion for sanctions.

FACTUAL AND PROCEDURAL BACKGROUND

Sima and Hamid married in 1996 and separated in 2010. In March 2014, the trial court entered a marital dissolution judgment.

---

[1] For ease of reference and pursuant to the custom in family law cases, we refer to the parties by their first names. (*In re Marriage of Gray* (2007) 155 Cal.App.4th 504, 508, fn. 1.) No disrespect is intended.

[2] We need not consider Hamid's argument that Sima waived any objection to the appointment of the referee, as we affirm on other grounds.

## I.

### *BORSON* MOTION

In early November 2021, Sima, represented by attorney John Schilling, filed a *Borson* motion, requesting Hamid to pay Schilling's attorney fees and costs (including accountant costs). Schilling argued Hamid had the financial ability to contribute to Sima's payment of attorney fees and costs to Schilling and that Sima had no other income aside from spousal support. Later that month, the trial court granted Schilling's motion to be relieved as counsel.

Months later, during a hearing at which Sima was present and represented by attorney Richard P. Sullivan, the parties agreed a referee should be appointed to consider the *Borson* motion.[3] The trial court and counsel discussed candidates. Several days later at a hearing at which Sima was present, the parties and Schilling stipulated to the appointment of Philip G. Seastrom as referee. In June 2022, the trial court appointed Seastrom as referee under Code of Civil Procedure section 639, subdivision (a)(1) and (3) (all undesignated statutory references are to this code) to address the *Borson*

---

[3] In December 2021, Richard P. Sullivan substituted in as Sima's counsel.

motion.[4] The court required the referee to "file with the court a report that includes a recommendation on the merits of any disputed issue."

In October 2022, Sullivan filed a motion to be relieved as Sima's counsel. In May 2023, the trial court granted the motion. Sima represented herself for the remainder of the relevant proceedings.

After the July 2023 referee hearing, which Sima knew of but did not attend, the referee issued his report and recommendations. The referee found Sima had the ability to pay all of the outstanding fees owed to Schilling and the outstanding forensic accounting fees owed to an accounting firm. He also determined 60 percent of Schilling's attorney fees were reasonable and "that the retention of . . . forensic accountants was of limited to no benefit" because they did not testify at the hearing.

In September 2023, the trial court held a hearing on the *Borson* motion. Schilling began by informing the court: "[M]y former client filed [a request for order] requesting a continuance of this hearing and also requesting a determination that . . . Seastrom had a conflict of interest and should be—his report should be stricken and the court should appoint another special master to conduct a new hearing regarding this matter. I believe your bailiff was given a copy of the moving papers this morning." The trial court responded, "Nothing has been filed, no hearing has been set." After

---

[4] Section 639, subdivision (a) provides in pertinent part: "When the parties do not consent, the court may . . . appoint a referee" in certain instances. These include: "[w]hen the trial of an issue of fact requires the examination of a long account on either side; in which case the referees may be directed to hear and decide the whole issue, or report upon any specific question of fact involved therein"; and "[w]hen a question of fact, other than upon the pleadings, arises upon motion or otherwise, in any stage of the action." (§ 639, subd. (a)(1) & (3).) Although it appears the parties consented to the reference, the trial court appointed the referee under section 639.

4

some discussion, the trial court pronounced: "I'm going to decide the *Borson* motion today. And should this motion you[, Sima,] have filed—you have presented it to me unfiled—be filed and set for hearing, then the hearing will be held. [¶] And if, at that hearing, I find a conflict of interest, that would be a reason to reconsider the *Borson* motion and/or set aside any ruling or findings I make as and for the *Borson* motion." (Italics added.) The court proceeded to hear arguments pertaining to the *Borson* motion and the referee's report, including arguments by Sima. Near the end of the hearing, the trial court informed the parties he would "more likely than not" rule on the *Borson* motion independent of the referee's report and recommendations. The trial court stated, "Seastrom's work—well done as it was—won't substitute for my own independent review of this work."

On September 13, 2023, the trial court ruled on the *Borson* motion as follows: (1) "Schilling's motion for reimbursement of accounting fees and costs from [accounting firm] is DENIED"; (2) "Schilling's motion for reimbursement of costs incurred is DENIED"; (3) "Schilling's motion for reimbursement of attorney fees he incurred on behalf of Sima . . . is granted in part and denied in part." As to the ruling on the motion for reimbursement of attorney fees, the court concluded: Hamid "shall contribute $50,000 as and for a contribution to Sima's attorney fees and costs owed to attorney Schilling," "Sima shall bear all other attorney fees and costs Sima owed to attorney Schilling," and "Sima shall bear all other attorney fees and costs incurred and[/]or owes in this dissolution case." The court later separately issued factual findings and conclusions of law in support of the attorney fees order.

5

## II.

### MOTION TO VACATE

On September 25, 2023, Sima filed a request for order, moving to vacate the referee's report and recommendations and the trial court's September 13, 2023, order. She also moved "to vacate . . . Seastrom as the referee for . . . Schilling[']s *Borson*[] [m]otion." (Italics added.) She asserted she was moving to vacate under "[s]ection 473[, subdivision (a)] and 473[, subdivision (b)], and [s]ection [657] . . . on the ground that there is an incorrect or erroneous legal basis for the decision, not consistent with or not supported by the facts." (Boldface and italics omitted.) Sima argued the referee "had a judicial responsibility" to check for conflicts after being appointed referee and the referee "failed to do so." She requested the appointment of a new referee and a continuance of the *Borson* motion until that appointment. She also moved for a new trial.

In support of the motion to vacate, Sima filed a declaration, recounting her interactions with Seastrom's office, before his referee appointment, as follows. On November 21, 2019, she called Seastrom's office and spoke with his paralegal about retaining him as counsel. The paralegal recorded the parties' names, dates of birth, the children's names and dates of birth, marriage date, separation date, and case number. The paralegal asked Sima what her case concerned. Sima said her child support was concluding in July 2020. Sima also stated she needed to request a modification to her spousal support, and she "discussed details of [her] divorce." The paralegal replied that, if no conflict of interest exists, she would give the information to Seastrom and notify Sima whether Seastrom would be able to take the case. Two days later, the paralegal e-mailed Sima, informing her that Seastrom was unable to take the case because of his caseload. Sima replied, inquiring

6

when "Seastrom's caseload would allow him to take her case." The paralegal responded the earliest time would be March 2020. Sima then requested to visit Seastrom's office to meet him. On November 25, 2019, the paralegal informed Sima that Seastrom would be unable to meet until March 2020.

On December 9, 2019, Sima e-mailed the paralegal, asking to schedule a consultation with Seastrom. The next day, the paralegal replied, stating Seastrom would have to speak with Hamid's counsel Saul Gelbart before meeting Sima and asking Sima to give Seastrom permission to do so. Sima responded, "I am not sure why [Seastrom] would want to talk to . . . Gelbart. I rather speak to [Seastrom] first." The paralegal replied Seastrom wanted to speak with an attorney involved in the case who knew its history and asked again for Sima's authorization to speak with Gelbart. Sima explained "Gelbart would not be the correct attorney to speak to," recommended a different attorney to contact, and requested Seastrom to call her. On January 13, 2020, Sima e-mailed Seastrom, asking to schedule a consultation.

Hamid opposed the motion to vacate. He argued Sima and Seastrom never established an attorney-client relationship and therefore no substantial relationship could have existed between them. He contended Sima also consented to Seastrom's appointment as referee. Hamid filed a declaration in support.

Sima filed a declaration in reply, stating in relevant part, when she returned from a trip in August 2023 (after the referee's hearing in July 2023), she "realized . . . Seastrom's name was very familiar and then looked in all [her] old e[-]mails and saw [her] communications with his office and his paralegal."

7

On October 30, 2023, at the hearing on the motion to vacate, the trial court announced its tentative ruling to deny the motion. Sima "asked the [c]ourt to reconsider the report that . . . Seastrom gave," because, inter alia, she "had numerous communication[s] back and forth with [Seastrom's] office back in 2019." She asserted, "I would like the [c]ourt to give me a new trial and a continuance so I have time to prepare my evidence for the [c]ourt to reconsider the attorney[] fees and cost." The trial court responded it considered the referee's report and recommendations, but it "went beyond that." It stated, "I did my own review of this case, a case that I'm extremely familiar with, and I with deliberative thought and detail made a ruling independent of anyone's opinions but considering all opinions." The court later told Sima: "[T]he fact that you didn't immediately recall Seastrom's office when you contacted his office to talk to his paralegal, the fact that you struggle to have any recollection of this contact and had to go through, as you just said, thousands of e-mails proves again you have no substantial relationship with this gentleman. Otherwise, you would have more of an instant memory." The court denied the motion, explaining: "There's no factual or legal basis in support of your motion for reconsideration. I further observe that this motion appears to this [c]ourt to be entirely without merit."[5]

In a minute order on October 30, 2023, the trial court denied "the Motion for Notice to Intent to Move to Vacate . . . Seastrom's reports, ask for a new trial[,] and ask for a continuance with a different [r]eferee." A notice of ruling dated November 8, 2023, provides in pertinent part: "Based on the documents filed with the [c]ourt, knowledge of the file, and after listening to

---

[5] The court appears to have referred to the motion to vacate as a motion for reconsideration.

the argument of Sima and counsel, the [r]ulings were as follows: [¶] 1. The [c]ourt conducted an independent review of the evidence for the *Borson* [m]otion to come to [its] decision. [¶] 2. There was no conflict of interest regarding the [c]ourt-appointed [r]eferee/[s]pecial [m]aster. Sima failed to present competent evidence that she had a substantial relationship with . . . Seastrom. [¶] The [c]ourt denied Sima's [m]otions in their entirety." Sima appealed.

## DISCUSSION

### I.

#### APPEALABILITY AND TIMELINESS OF APPEAL

Hamid argues Sima has appealed from a nonappealable order—specifically, a notice of ruling. He asserts even if the order were appealable, the appeal is untimely. Sima contends she has appealed from an appealable order—the trial court's order denying her motion to vacate the trial court's order on September 13, 2023—and her appeal is timely under California Rules of Court, rule 8.104 (all undesignated rule references are to the California Rules of Court). We agree with Sima.

*A. Sima Has Appealed from an Appealable Order*

The "notice of appeal . . . defines the scope of the appeal by identifying the particular judgment or order being appealed." (*Morton v. Wagner* (2007) 156 Cal.App.4th 963, 967.) "'[N]otices of appeal are to be liberally construed so as to protect the right of appeal if it is reasonably clear what appellant was trying to appeal from, and where the respondent could not possibly have been misled or prejudiced.'" (*Verceles v. Los Angeles Unified School Dist.* (2021) 63 Cal.App.5th 776, 783; accord, rule 8.100(a)(2).)

In her notice of appeal, Sima states she is appealing from an order entered on November 8, 2023. The record does not show any order entered on November 8, 2023; it contains only a notice of ruling filed on that date. Because "[a] notice of ruling is not an order" or a judgment (*Shpiller v. Harry C's Redlands* (1993) 13 Cal.App.4th 1177, 1179), the notice of ruling here is not appealable.

Notwithstanding this mistake, we liberally construe the notice of appeal to specify an appealable order. Attached to the notice of appeal are two documents: the November 8, 2023, notice of ruling and the October 30, 2023, minute order. The November 8, 2023, notice of ruling concerns the trial court's rulings on October 30, 2023, and cites its denial of Sima's motions. No other rulings are referenced.

In the October 30, 2023, minute order, the trial court denied the "Motion for Notice to Intent to Move to Vacate . . . Seastrom's [r]eports, ask for a new trial[,] and ask for a continuance with a different [r]eferee." This motion appears to refer to all the requests involving Seastrom's report on the *Borson* motion in Sima's request for order on September 25, 2023, including her request to vacate the trial court's September 13, 2023, order under section 473, subdivisions (a) and (b).[6] That is the parties' understanding in their appellate briefing.

---

[6] In her memorandum of points and authorities in support of her request for order, Sima asserted she was moving to vacate under section 473. But she also appeared to quote section 663, which concerns motions to vacate, without explicitly invoking it. (See § 663 [a party may move to set aside or vacate a judgment or decree on the ground of an "[i]ncorrect or erroneous legal basis for the decision, not consistent with or not supported by the facts"].) As she does not raise section 663 on appeal, we do not consider it.

10

Given the November 8, 2023, notice of ruling concerns the October 30, 2023, minute order and Sima attached that minute order to her notice of appeal, "[i]t is reasonably clear" Sima "was trying to appeal from" the October 30, 2023, minute order denying the motion to vacate the trial court's September 13, 2023, order, and Hamid "'could not possibly have been misled or prejudiced.'" (*Verceles v. Los Angeles Unified School Dist., supra*, 63 Cal.App.5th at p. 783.) We therefore readily construe Sima's notice of appeal as an appeal from the October 30, 2023, minute order.[7]

*B. The Appeal Is Timely*

Rule 8.104(a)(1) establishes the time period for filing a notice of appeal: "Unless a statute or rules 8.108, 8.702, or 8.712 provides otherwise, a notice of appeal must be filed on or before the earliest of: [¶] (A) 60 days after the superior court clerk serves on the party filing the notice of appeal a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, showing the date either was served; [¶] (B) 60 days after the

---

[7] We note Sima checked the wrong box on the notice of appeal form, indicating she is appealing from "[a]n order or judgment under . . . [section] 904.1[, subdivision] (a)(3)–(13)." As she is appealing from an order denying her motion to vacate, she should have checked the box showing she is appealing from "[a]n order after judgment . . . [section] 904.1[, subdivision] (a)(2)." (*Jackson v. Kaiser Foundation Hospitals, Inc.* (2019) 32 Cal.App.5th 166, 171 [order denying motion to vacate under section 473 is appealable under section 904.1, subdivision (a)(2)].) In her opening brief, Sima appears to acknowledge the error, asserting she is appealing from an order after judgment under section 904.1, subdivision (a)(2). "[T]he mistake is not fatal to the appeal." (*Ellis Law Group, LLP v. Nevada City Sugar Loaf Properties, LLC* (2014) 230 Cal.App.4th 244, 251.) As we discussed above, we liberally construe the notice of appeal, which includes the October 30, 2023, minute order. Thus, "the notice of appeal was sufficient even if the wrong box was checked to identify the particular subdivision of . . . section 904.1 that authorizes this appeal." (*Ibid.*)

party filing the notice of appeal serves or is served by a party with a document entitled 'Notice of Entry' of judgment or a filed-endorsed copy of the judgment, accompanied by proof of service; or [¶] (C) 180 days after entry of judgment."

Here, Sima filed a notice of appeal on January 8, 2024, from the October 30, 2023, minute order. Our record lacks any evidence showing the trial court clerk served on Sima or that either party served on the other a notice of entry of the order or a filed-endorsed copy of the order. Thus, the 60-day deadline to file a notice of appeal under rule 8.104(a)(1)(A) and (B) does not apply, and the 180-day deadline under rule 8.104(a)(1)(C) governs. Because Sima filed the notice of appeal within 180 days of entry of the October 30, 2023, minute order, her appeal is timely.

Hamid argues the appeal is untimely because, under rule 8.108(c)(1), Sima had to file the notice of appeal no later than December 8, 2023, 30 days from the "notice of entry of the order denying the motion to vacate," served on November 8, 2023.[8] But rule 8.108(c)(1) does not apply here. Under rule 8.108(c), "[a] valid motion to vacate the judgment extends the time to appeal the underlying judgment." (*Machado v. Myers* (2019) 39 Cal.App.5th 779, 788, fn. 7.) Sima is not appealing from the underlying judgment. She is appealing from an order denying a postjudgment motion to vacate the judgment pursuant to section 473, which is a "separately

---

[8] Our record does not show a notice of entry of the order denying the motion to vacate. Hamid appears to be referring to the November 8, 2023, notice of ruling. But a notice of entry of a judgment or order is distinguishable from a notice of ruling. (See *Carmel, Ltd. v. Tavoussi* (2009) 175 Cal.App.4th 393, 399 ["serving a notice of ruling is not the same as serving a copy of the order or a notice of entry of the order, as contemplated by the rules governing the timeliness of appeals"].)

appealable" order under section 904.1, subdivision (a)(2). (*Austin v. Los Angeles Unified School Dist.* (2016) 244 Cal.App.4th 918, 927, fn. 6; *Jackson v. Kaiser Foundation Hospitals, Inc., supra*, 32 Cal.App.5th at p. 171.)

## II.

### STANDARD OF REVIEW

We review a trial court's order denying a motion to vacate under section 473 for abuse of discretion. (*Brown v. Williams* (2000) 78 Cal.App.4th 182, 186.) "The test for abuse of discretion is traditionally recited as whether the trial court's decision exceeded the bounds of reason. [Citation.] In more practical terms, the abuse of discretion standard measures whether, in light of the evidence, the lower court's decision falls within the permissible range of options set by the legal criteria. [Citation.] The scope of the court's discretion is limited by law governing the subject of the action taken. [Citation.] An action that transgresses the bounds of the applicable legal principles is deemed an abuse of discretion. [Citation.] A trial court's decision is an abuse of discretion if it is based on an error of law [citations] or if the court's factual findings are not supported by substantial evidence [citation]." (*Shapell SoCal Rental Properties, LLC v. Chico's FAS, Inc.* (2022) 85 Cal.App.5th 198, 213.)

## III.

### FORFEITURE OF APPELLATE CLAIMS

"'[I]t is a fundamental principle of appellate procedure that a trial court judgment is ordinarily presumed to be correct and the burden is on an appellant to demonstrate, on the basis of the record presented to the appellate court, that the trial court committed an error that justifies reversal of the judgment. [Citations.]' [Citation.] 'This means that an appellant must do more than assert error and leave it to the appellate court to search the

13

record and the law books to test his claim. The appellant must present an adequate argument including citations to supporting authorities and to relevant portions of the record.'" (*L.O. v. Kilrain* (2023) 96 Cal.App.5th 616, 619–620.) "'It is not our place to construct theories or arguments to undermine the judgment and defeat the presumption of correctness.'" (*Id.* at p. 620.)

Appellate procedural "rules apply both to parties represented by counsel and self-represented parties. [Citation.] 'A party proceeding in propria persona "is to be treated like any other party and is entitled to the same, but no greater consideration than other litigants and attorneys."'" (*L.O. v. Kilrain, supra*, 96 Cal.App.5th at p. 620.)

For the reasons below, we conclude Sima fails to comply with basic appellate procedural principles. We therefore decline to address her arguments and conclude she forfeited her appellate claims.

## A. Sima Fails To Provide All the Material Evidence in Her Opening Brief

Hamid argues Sima fails to present all the material evidence in her opening brief and she therefore forfeited her substantial evidence arguments. Sima does not respond to this forfeiture argument in her reply brief.

In an opening brief, an appellant must "[p]rovide a summary of the significant facts limited to matters in the record." (Rule 8.204(a)(2)(C).) "[T]he leading California appellate practice guide instructs about this: 'Before addressing the legal issues, your brief should accurately and fairly state the critical facts (including the evidence), free of bias, and likewise as to the applicable law. [¶] Misstatements, misrepresentations and/or material omissions of the relevant facts or law can instantly "undo" an otherwise effective brief, waiving issues and arguments; it will certainly cast doubt on

14

your credibility, may draw sanctions [citation], and may well cause you to lose the case[.]'" (*In re Marriage of Davenport* (2011) 194 Cal.App.4th 1507, 1531.)

"'"An appellant challenging the sufficiency of the evidence to support the judgment must cite the evidence in the record supporting the judgment and explain why such evidence is insufficient as a matter of law. [Citations.] An appellant who fails to cite and discuss the evidence supporting the judgment cannot demonstrate that such evidence is insufficient. The fact that there was substantial evidence in the record to support a contrary finding does not compel the conclusion that there was no substantial evidence to support the judgment.'" (*Verrazono v. Gehl Co.* (2020) 50 Cal.App.5th 636, 652.)

Here, Sima does not present all the relevant facts and procedural history upon which the denial of the motion to vacate is based and gives, to some extent, an inaccurate account in her opening brief. First, she asserts the trial court selected Seastrom to serve as the referee. That is imprecise. The parties selected Seastrom, and the trial court appointed him as the referee under section 639.

Second, Sima does not recite all the material facts regarding her communications with Seastrom's office and, to some degree, misrepresents her communications. Under the heading, "statement of the case" (capitalization and boldface omitted), she states the following facts regarding her communications with Seastrom and his office: "[Sima] contacted [Seastrom's] office and had an initial consultation with his paralegal, providing intimate details of her case. . . . Seastrom then responded, indicating that he reviewed the docket in the trial court and requesting permission to speak with [Sima]'s trial counsel. [Citation.] Ultimately,

15

. . . Seastrom was not able to represent [Sima] and she retained different counsel." She also asserts, "After . . . Seastrom began performing his duties as special master, [Sima] realized that he was an attorney with whom she previously consulted." While Sima suggests Seastrom contacted her and provided a consultation, the record does not show he personally ever did (the record shows only communications between Sima and Seastrom's paralegal). And, for an appeal that hinges on the facts of the communications, Sima did not provide a complete account of the significant facts of the communications in her opening brief.

Third, Sima's representation of her arguments in the trial court is inexact. She states she argued in the trial court, "Seastrom should have been disqualified because of a conflict." But she cites her declaration rather than her memorandum of points and authorities for her trial court arguments.[9]

Finally, she omits relevant portions of the trial court hearings concerning the motion to vacate (e.g., the trial court's explanation that it conducted an independent review of the case following the referee's report and recommendations). Therefore, as Sima fails "to set forth all material evidence" in her opening brief, she forfeited any substantial evidence claims. (*Verrazono v. Gehl Co., supra*, 50 Cal.App.5th at p. 653.)

*B. Sima Presents Arguments for the First Time on Appeal*

"Generally, issues not raised in the trial court cannot be raised for the first time on appeal. [Citations.] Although appellate courts have discretion to consider an issue in the first instance if it raises a question of

---

[9] "The proper place for argument is in points and authorities, not declarations." (*In re Marriage of Heggie* (2002) 99 Cal.App.4th 28, 30, fn. 3.)

16

law on undisputed facts, our Supreme Court has cautioned that such discretion should be exercised rarely and only in cases presenting an important legal issue. [Citations.] ""Appellate courts are loath to reverse a judgment on grounds that the opposing party did not have an opportunity to argue and the trial court did not have an opportunity to consider.""" (*Wisner v. Dignity Health* (2022) 85 Cal.App.5th 35, 44–45.)

Here, Sima argues for the first time on appeal: (1) Seastrom established a substantial relationship with Sima when his office "consulted" with her regarding her case, and he therefore was disqualified from serving as a referee; and (2) under canon 6D of the California Code of Judicial Ethics, Seastrom was disqualified from serving as a referee, because Seastrom owed a duty of loyalty and confidentiality to Sima and Sima's "consultation" with Seastrom's office raised doubts as to his impartiality as a referee. In her memorandum of points and authorities in support of the motion to vacate, Sima merely argued, "Seastrom had a judiciary responsibility after being assigned as the [s]pecial [m]aster to check his office records to make sure he was not a conflict with any party, but unfortunately, he failed to do so."[10] She did not present any substantive arguments in the trial court as to the conflicts of interest issue. We therefore deem Sima's arguments on appeal as forfeited.

---

[10] If Sima believes she presented these arguments in the trial court, we disagree. It appears Sima made some arguments in her declarations during the trial court proceedings (and, at the hearing on the motion to vacate, she discussed some interactions with Seastrom's office and made a conclusory argument regarding the alleged conflict of interest: "The [c]ourt appointed [Seastrom], although it's a conflict of interest"). But, as we previously noted, "[t]he proper place for argument is in points and authorities, not declarations." (*In re Marriage of Heggie, supra*, 99 Cal.App.4th at p. 30, fn. 3.)

17

*C. Sima Fails To Explain How the Trial Court Abused its Discretion by Denying the Motion to Vacate*

Sima asserts she is appealing from the order denying the motion to vacate, and she frames the issue on appeal as follows: "Did the trial court err when it did not vacate its order concerning Sima['s] . . . [m]otion for [a]ttorney [f]ees because the special master presiding over the case owed her a duty of confidentiality?" But nowhere does she explain how the trial court abused its discretion by denying the motion to vacate. Instead, she asserts "a trial court's decision on a motion to disqualify an attorney is reviewed for abuse of discretion," a motion she never filed in the trial court. Because Sima fails to analyze how the trial court abused its discretion by denying the motion to vacate, we decline to address her arguments on appeal. (See *Gombiner v. Swartz* (2008) 167 Cal.App.4th 1365, 1375 ["Because tenant does not analyze the court's ruling in light of the applicable abuse of discretion standard of review, we pass on his contention"].)

*D. Sima Fails To Argue Prejudicial Error*

"'[A]n abuse of discretion results in reversible error only if it is *prejudicial*.'" (*Conservatorship of Farrant* (2021) 67 Cal.App.5th 370, 378; see also Cal. Const., art. VI, § 13; Code Civ. Proc., § 475.) "Prejudice is not presumed. [Citation.] Rather, appellant has the burden of affirmatively demonstrating prejudice." (*Christ v. Schwartz* (2016) 2 Cal.App.5th 440, 455.) "To establish prejudice, a party must show 'a reasonable probability that in the absence of the error, a result more favorable to [it] would have been reached.'" (*Diaz v. Carcamo* (2011) 51 Cal.4th 1148, 1161.) We consider prejudice "when and only when the appellant has fulfilled his duty to tender a proper prejudice argument" by "spelling out in his brief exactly how the error caused a miscarriage of justice." (*Paterno v. State of California* (1999)

18

74 Cal.App.4th 68, 106.) "This court" will not "act as counsel for appellant by furnishing a legal argument as to how the trial court's ruling was prejudicial." (*Century Surety Co. v. Polisso* (2006) 139 Cal.App.4th 922, 963.) "[T]he failure to explain with particularity how a claimed error caused prejudice forfeits the claim." (*People v. Reardon* (2018) 26 Cal.App.5th 727, 740.)

In her opening brief, Sima did not argue or show how any asserted errors caused prejudice. She did not present a prejudice argument until her reply brief. But when an appellant waits to argue a point until its reply brief, the argument is forfeited. (*California Building Industry Assn. v. State Water Resources Control Bd.* (2018) 4 Cal.5th 1032, 1050.)

Even if we were to consider the merits and assumed the trial court erred, we would find no prejudice on this record. At the trial court hearing on the *Borson* motion, the court informed the parties it intended to conduct its own review of the *Borson* motion, independent of the referee's report and recommendations.[11] At the hearing on the motion to vacate, the trial court reiterated this point. The court said it performed its "own review of this case" and, "with deliberative thought and detail[,] made a ruling independent of anyone's opinions but considering all opinions." Given the

---

[11] "The Code of Civil Procedure provides for two types of reference," one which is relevant here. (*Ruisi v. Thieriot* (1997) 53 Cal.App.4th 1197, 1208.) In a special reference under section 639 or section 638, subdivision (b), the referee's decision "is only advisory," and "[t]he court may adopt the referee's recommendations, in whole or in part, after independently considering the referee's findings and any objections and responses thereto filed with the court." (§ 644, subd. (b); *Ruisi,* at p. 1208.) "But the referee's recommendations are entitled to great weight." (*Ruisi,* at p. 1208.)

19

trial court independently ruled on the *Borson* motion, no prejudice could have flowed from the trial court's appointment of Seastrom as referee.

## III.

### SANCTIONS

Hamid moves for sanctions against Sima for pursuing a frivolous appeal. An appellate court may impose monetary sanctions when "the appeal was frivolous or taken solely for delay." (§ 907; accord, rule 8.276 (a)(1).) In evaluating whether an appeal is frivolous, we use a subjective and objective standard. (*Malek Media Group, LLC v. AXQG Corp.* (2020) 58 Cal.App.5th 817, 834.) "'The subjective standard looks to the motives of the appealing party and his or her attorney, while the objective standard looks at the merits of the appeal from a reasonable person's perspective.'" (*Bucur v. Ahmad* (2016) 244 Cal.App.4th 175, 192.) "A finding of frivolousness may be based on either standard by itself, but the two tests are ordinarily used together, with one sometimes providing evidence relevant to the other." (*Malek Media Group,* at p. 834.)

Generally, a self-represented litigant must abide by "the same restrictive rules and procedures as an attorney." (*Kabbe v. Miller* (1990) 226 Cal.App.3d 93, 98.) But courts are hesitant to impose sanctions on self-represented appellants for filing frivolous appeals. (*Ibid.*) "We do not believe it is appropriate to hold a propria persona appellant to the standard of what a 'reasonable attorney' should know is frivolous unless and until that appellant becomes a persistent litigant." (*Ibid.*) While the trial court found Sima "over-litigated the case," the record on appeal does not show Sima, a self-represented appellant, had a vexatious motive in filing her appeal. Rather, it shows she was frustrated with the outcome of her case, appealed from an appealable order, and, without the benefit of counsel, presented dubious

20

arguments on appeal in a good faith effort to prevail. We therefore deny the motion for sanctions.

## DISPOSITION

The postjudgment order denying Sima's motion to vacate is affirmed. Respondent is entitled to costs on appeal.


MOTOIKE, ACTING P. J.

WE CONCUR:


MOORE, J.


SANCHEZ, J.

21