Filed 1/14/26  Williams v. Wolfe CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| BRIAN WILLIAMS,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>UMILTA MARIA WOLFE et al.,<br><br>    Defendants and Respondents. | B328835<br><br>(Los Angeles County Super. Ct. No. 20STCV29187) |

APPEAL from orders and a judgment of the Superior Court of Los Angeles County, Bruce G. Iwasaki, Judge.  Dismissed in part and affirmed in part.

Brian Williams, in pro. per., for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

_____

Brian Williams[1] appeals from the trial court's judgment dismissing his civil lawsuit against over 30 defendants and from the subsequent order denying his motion to vacate the judgment. The court dismissed the case due to Williams's failure to serve any of the defendants with the complaint for over two years after he filed suit. The court later concluded Williams failed to show he was entitled to discretionary relief from that dismissal under Code of Civil Procedure section 473, subdivision (b).[2] Because we conclude the appeal from the judgment is untimely, we dismiss that appeal for lack of jurisdiction. We affirm the order denying the motion to vacate.

---

[1] Williams filed his case under the name Mr. BW. The trial court asked Williams under oath if his real name was Brian Williams, and Williams initially "plead[ed] the 5th amendment and refuse[d] to answer the Court's question regarding his true name." At a later hearing, however, Williams stated "Mr. Williams" was his "true name." Because Williams did not obtain court authorization to appear under the pseudonym Mr. BW, we refer to him by his real name. (See, e.g., *Roe v. Smith* (2025) 116 Cal.App.5th 227, 238 [" 'Outside of cases where anonymity is expressly permitted by statute, litigating by pseudonym should occur "only in the rarest of circumstances." ' "]; *Santa Ana Police Officers Assn. v. City of Santa Ana* (2025) 109 Cal.App.5th 296, 306 ["Unless a statute specifically allows a plaintiff to sue under a pseudonym, a plaintiff must obtain court authorization in order to appear anonymously."].)

[2] Undesignated statutory references are to the Code of Civil Procedure.

## FACTUAL AND PROCEDURAL BACKGROUND

Williams filed suit on August 3, 2020, alleging in summary fashion a string of claims against numerous defendants for "Anti-Retaliation - Retaliatory Eviction ([Civ. Code] § 1942.5); Unlawful forcible entry detainer action (in violation of [Code Civ. Proc.] §§ 1159 and 1160); [Civ. Code] § 789.3 Illegal Removable of Property; Violation of American with Disabilities Act; Intentional Infliction of Distress; Mental Anguish; Intentional Infliction of Emotional Tranquility; etc . . . ." (Boldface and italics omitted.) The trial court set an order to show cause (OSC) hearing for December 2020 for Williams's failure to file proofs of service showing service of the summons and complaint on the defendants. No one appeared at the December hearing, which the court continued to February 2021.

Williams appeared in propria persona at the February 2021 hearing, but he had not yet served the defendants. At his request, the court continued the OSC hearing until June. At the June hearing, Williams represented he still needed more time to serve the defendants, and the court once again continued the OSC hearing to September 2021.

On the September 2021 hearing date, Williams filed an amended complaint naming over 30 defendants,[3] and asserting

---

[3] Defendants in the amended complaint are: "UMILTA MARIA WOLFE, aka: Umilta M. Wolfe, an individual; UMILTA MARIA WOLFE, (Parent/GrandParent) as Trustee of the UMILTA MARIA WOLFE REVOCABLE TRUST DATED MARCH 5, 2017, individually; UMILTA MARIA WOLFE, as Trustee of the UMILTA MARIA WOLFE LIVING TRUST DATED MAY 26, 2010, individually; UMILTA MARIA WOLFE,

as Trustee of the UMILTA WOLFE REVOCABLE LIVING TRUST DATED MAY 26, 2010, individually; UMILTA MARIA WOLFE aka: UMILTA M. WOLFE, an individual and in her official capacity as Trustee of the UMILTA MARIA WOLFE REVOCABLE TRUST DATED MARCH 5, 2017, individually; UMILTA MARIA WOLFE, individually, and in her official capacity as Trustee, Grantor/Grantee and OWNER of 827 Austin Avenue, Inglewood, California 90302, individually; 827 AUSTIN AVENUE aka: APN No. # and/or Parcel No. 4017-021-077, Lot 7 of Tract No. 17443, in the City of Inglewood, State of CA., individually; UMILTA MARIA WOLFE, individually and in her official capacity as Trustee, Grantor/Grantee and OWNER of 4161 Sutro Avenue, Los Angeles, California 90008, individually; 4161 SUTRO AVENUE aka: APN No. # and/or Parcel No. 5023-019-009, the NORTHERLY 4 Feet of Lot 196 and all of Lot 197 of Tract No. 9741, in the City of Los Angeles, individually; UMILTA MARIA WOLFE, individually and in her official capacity and SHELLY-ANN ELIZABETH BOURNE, individually and in her official capacity as Trustees Grantees, Grantors and OWNERS of 1055 W. 102nd, Street, Los Angeles, California 90044, as individuals; 1055 W. 102nd, STREET aka: APN No. # and/or Parcel No. 6060-026-020, Lot 86 of Tract No 2752 in the County of Los Angeles, individually; UMILTA MARIA WOLFE, individually and in her official capacity as Trustee, Grantor/Grantee and OWNER of 5132 S. Wilton Place, Los Angeles, California 90062, individually; 5132 WILTON PLACE aka: APN No. # and/or Parcel No. 5015-011-018, Lot 261 of Chesterfield Square, in the City of Los Angeles, County of Los Angeles, as per Map Recorded in Book 21 Pages 90 and 91 of Maps, individually; SHELLY-ANN ELIZABETH BOURNE, individually and in her official capacity and UMILTA MARIA WOLFE, individually and in her official capacity as Trustees, Grantor, Grantees and OWNERS of 5930-5934 1/2 Arlington Avenue, Los Angeles, California 90043, as individuals; 5930-5934

4

1/2 ARLINGTON AVENUE aka: APN No. # and/or Parcel No. 4005-027-008, Lot 8 and the Northerly 20 Feet of Lot 9 in block 8 of Tract No. 5347, in the City of Los Angeles, County of Los Angeles, as per Map Recorded in book 57 page 31 of maps, individually; SHELLY ANN ELIZABETH WADALLEY, aka: SHELLY-ANN ELIZABETH BOURNE, an individually; SHELLY-ANN ELIZABETH BOURNE aka: SHELLYANN ELIZABETH WADALLEY, an individually; SHELLYANN WADALLEY as Trustee of the SHELLY ANN WADALLEY REVOCABLE LIVING TRUST DATED MAY 26, 2010, individually; SHELLY ANN E. WADALLEY as Trustee of the SHELLYANN WADALLEY LIVING TRUSTED DATED MAY 26, 2010, individually; SHELLYANN E. WADALLEY aka: SHELLY ANN ELIZABETH WADALLEY, individually and in her official capacity as Trustee of the SHELLYANN WADALLEY REVOCABLE LIVING TRUST DATED MAY 26, 2010, individually; SHELLYANN ELIZABETH BOURNE, as Trustee of the SHELLYANN BOURNE TRUST DATED APRIL 11, 2018, individually; SHELLY-ANN ELIZABETH BOURNE, individually and in her official capacity as Trustee of the SHELLY-ANN BOURNE TRUST DATED APRIL 11, 2018, individually; SHELLY-ANN ELIZABETH BOURNE, individually and in her official capacity as Trustee, Grantor, Grantee and OWNER of 8820 S. Gramercy Place, Los Angeles, California 90047, individually; 8820 S. GRAMERCY AVENUE aka: APN No. # and/or Parcel No. 6036-007-029, Lot 62 of Tract No 11169 in the City of Los Angeles, individually; KERWIN WADALLEY, an individual; KEVIN JOSEPH WADALLEY, an individual; KATELYN RANE WADALLEY, an individual; JESHELL A. BERNARDEZ aka: JESHELL ASHLEY BERNARDEZ, an individual; WADALLEY HANDYMAN SERVICE aka: WADALLEY'S HANDYMAN SERVICES, individually; JUANITA L. JAMES, individually; and DOES 1 thru 200, inclusive." (Boldface and italics omitted.)

45 causes of action that included unlawful detainer, conversion, fraudulent misrepresentation, invasion of privacy, and numerous statutory and constitutional violations, for which he sought damages in excess of $999 million.  At the hearing, the court noted Williams had filed an amended complaint.  It then discharged the OSC and set a case management conference for February 1, 2022, ordering Williams to give notice to the defendants.  On January 31, 2022, Williams filed an "emergency notice for continuance" due to "unforeseen medical issues."  At the hearing the following day, Williams did not appear.  The court continued the case management conference to August 2022 and set another OSC for that date, stating Williams "must show cause why [his] case should not be dismissed for [his] failure to file a proof of service of the summons and complaints on defendants."

At the hearing on August 4, 2022, Williams did not appear. The court found Williams had failed to timely serve the defendants and dismissed the case with prejudice under section 583.410, subdivision (a), and California Rules of Court, rule 3.110.[4]

---

[4]     Section 583.410, subdivision (a), gives the court discretion to "dismiss an action for delay in prosecution pursuant to this article on its own motion . . . if to do so appears to the court appropriate under the circumstances of the case."  Section 583.420, subdivision (a)(1), permits a court to dismiss an action for such a delay in prosecution if service has not been made within two years after the action is commenced, as was the case here.  California Rules of Court, rule 3.110(b) provides that a complaint "must be served on all named defendants and proofs of service on those defendants must be filed with the court within

In January 2023 Williams filed a "motion to set aside/vacate dismissal, due to a neurology medical issues [*sic*]" under section 473 and rule 3.1332(b)(c)(2), which governs motions for continuances. Williams stated he had experienced a head trauma and had been hospitalized, his mother suffered her fifth stroke, he had been homeless, he had experienced a mini-stroke and then an ischemic stroke, and he was assaulted. Williams explained he missed the August 4, 2022 hearing because he had an appointment with his neurologist.

Following the hearing on February 10, 2023 at which Williams was present and provided additional oral arguments, the court denied the motion to vacate dismissal. The court noted Williams could only seek discretionary relief under section 473, subdivision (b), because he was not represented by counsel. The court stated it was "sympathetic" to Williams's medical ailments, including his August 2021 head injury leading to a concussion, which required numerous doctors' visits between September 2021 and February 2022, his March 2022 mini-stroke and subsequent ischemic stroke, his mother passing away in August 2022, and his reported assault in December 2022. However, the court noted Williams "has not shown how any of those issues interfered with his ability to attempt service on the defendants between August 2020 and August 2022." The court observed Williams appeared at the February, June, and September 2021 hearings. The court acknowledged Williams "attended a medical visit on August 4, 2022, the day this case was dismissed, but the problems in this case date back to 2020."

---

60 days after the filing of the complaint." Subsequent references to rules are to the California Rules of Court.

With respect to Williams's health issues, the court concluded the showing was insufficient for relief under section 473. Williams's declaration provided no details on the "severity or length" of Williams's condition and many of the attached medical reports contained doctors' notes that "merely indicate[d] the visit was for fatigue or itchy skin," "generalized follow-up visits after the concussion," or "sleep difficulties."

Even assuming Williams's medical condition was significant, however, the court observed service of the summons and complaint could be conducted by someone who was not a party. The court stated, "It is unclear how [Williams's] medical difficulties precluded him from arranging for service on the defendants. He does not provide any details on any attempts or even efforts engaged in thus far to effect service, such as hiring a process server or conducting due diligence on defendants' locations." The court stated Williams had raised the "the difficulties of service stemming from the [COVID-19] pandemic" but had offered no evidence of his attempts to serve the defendants, and Williams had not shown why he was unable to effectuate service when other litigants were able to do so.

Williams appealed. His notice of appeal states he is appealing from the judgment, but he lists the date of the order he is appealing from as February 10, 2023, which is the date of the order denying his motion to vacate. Williams's case information statement and his notice designating the record on appeal both state that he is appealing from the February 10, 2023 order. Construing his notice of appeal liberally, as we must (*In re Joshua S.* (2007) 41 Cal.4th 261, 272; rule 8.100(a)(2)), we treat Williams's appeal as from both the August 2022 judgment and from the February 2023 order denying his motion to vacate.

On March 13, 2023 Williams filed a motion for reconsideration, based on largely the same allegations as the motion to vacate, but adding information that he had been paying a process server to attempt service multiple times and submitting a declaration from that process server.

In May 2023 the court denied Williams's motion for reconsideration. The court concluded the motion was untimely and failed to show new facts, circumstances, or law.

At the end of May 2023, Williams filed a motion for reconsideration of the court's May order, which the court also denied.

## DISCUSSION

A. *Applicable Law and Standard of Review*

Section 473, subdivision (b), "provides 'two distinct provisions for relief' from default or dismissal. [Citation.] One affords discretionary relief, and the other makes relief mandatory." (*Jackson v. Kaiser Foundation Hospitals, Inc.* (2019) 32 Cal.App.5th 166, 173.) Because Williams represented himself, he could move only for discretionary relief. (*Esther B. v. City of Los Angeles* (2008) 158 Cal.App.4th 1093, 1100 ["the discretionary provision [of section 473, subdivision (b)] applies to a party, including a party appearing in propria persona, and an attorney representing a party, whereas the mandatory provision only applies to an attorney representing a party"].) The discretionary relief provision of section 473, subdivision (b), provides the trial court "may, upon any terms as may be just, relieve a party or [his or her] legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through [his or her] mistake, inadvertence, surprise,

9

or excusable neglect." "The party seeking relief . . . bears the burden of proof in establishing a right to relief." (*Hopkins & Carley v. Gens* (2011) 200 Cal.App.4th 1401, 1410.) "We review the trial court's discretionary decision to grant or deny relief under section 473[, subdivision] (b) for an abuse of discretion." (*County of San Bernardino v. Mancini* (2022) 83 Cal.App.5th 1095, 1103.)

B.    *The Appeal from the Judgment of Dismissal Is Untimely*

Williams posits the court abused its authority when it "outright dismissed [his] case although [he] had not come to the **three (3) year mark** yet as outline[d] in **Civ. Code of Proc. § 583.210**." (Capitalization omitted.) However, Williams did not timely appeal from the court's August 4, 2022 judgment of dismissal. Williams originally had 180 days to appeal that judgment, or until January 31, 2023. (See rule 8.104(a)(1)(C) [where notice of entry of judgment or file-stamped copy of the judgment was not served on appellant, deadline to appeal is 180 days after entry of judgment]; accord, *Huff v. Interior Specialists, Inc.* (2024) 107 Cal.App.5th 970, 979.) On January 19, 2023, Williams filed his motion to vacate the dismissal under rule 3.1332(b)(c)(2) and section 473, which motion the court denied on February 10, 2023. The clerk's certificate of mailing of the denial order is dated the same day. That extended William's time to appeal from the judgment by 30 days—until March 13. (See rule 8.108(c)(1) [time to appeal judgment is extended until 30 days after the clerk serves an order denying a motion to vacate a judgment].) However, Williams did not file a notice of appeal until April 11, 2023. That was too late. We thus lack jurisdiction to review the August 2022 judgment of dismissal. (See *Ventura*

10

*Coastal, LLC v. Occupational Safety & Health Appeals Bd.* (2020) 58 Cal.App.5th 1, 36 [" ' "Compliance with the time for filing a notice of appeal is mandatory and jurisdictional." ' "]

Williams's failure to timely appeal from the judgment of dismissal also precludes his contention that the court abused its discretion when it failed to grant him a continuance in February 2022. We note, however, that the court *did* grant Williams's request for a continuance. Williams had requested a continuance until July 2022, and the court continued the hearing until August 2022, a month more than Williams requested.

C.      *Williams Has Not Shown the Trial Court Abused Its Discretion in Denying His Motion To Vacate the Judgment*

Williams generally contends the trial court erred in denying his motion to vacate, but he does not explain how the court erred. (See *LNSU #1, LLC v. Alta Del Mar Coastal Collection Community Assn.* (2023) 94 Cal.App.5th 1050, 1070 ["where, as here, the appellants' opening brief makes contentions unsupported by proper record citations or cogent legal arguments, we may treat the contentions as forfeited"]; *Lee v. Kim* (2019) 41 Cal.App.5th 705, 721 ["the scope of our review is limited to those issues that have been adequately raised and supported in the appellant's brief"].) Even if his contention was not forfeited, we find no error in the court's ruling. Williams did not demonstrate in his motion to vacate any "mistake, inadvertence, surprise, or excusable neglect" that warranted relief from the judgment of dismissal. (§ 473, subd. (b).) Although Williams alleged in his motion that he had medical difficulties, was assaulted, and suffered other maladies, he did not explain why he could not have served the defendants over the

11

course of two years as a result. As the trial court correctly noted, Williams could have effectuated service through someone not party to the case. The court did not abuse its discretion in denying Williams's motion to vacate the judgment.

Williams also asserts the judge in his case was biased and he was therefore denied due process. Williams does not provide any evidence the court was biased or any explanation as to how the court was biased except that it dismissed his case. " 'The mere fact that the trial court issue[s] rulings adverse to [a party] . . . , even assuming one or more of those rulings were erroneous, does not indicate an appearance of bias, much less demonstrate actual bias.' " (*In re M.V.* (2025) 109 Cal.App.5th 486, 517; see *Guardianship of Baby Boy M.* (1977) 66 Cal.App.3d 254, 278 [reviewing court will not "impute judicial misconduct upon the mere speculation of the parties" where "nothing in the record . . . suggests that the court's decision was prompted by improper or retaliatory designs"].) Williams has not demonstrated the trial judge was biased against him.

Williams also argues the court erred in denying his two motions requesting reconsideration of the denial of his motion to vacate. Ordinarily, the denial of the motion for reconsideration is reviewable as part of an appeal from an underlying appealable order. (§ 1008, subd. (g); see *Lowry v. Port San Luis Harbor Dist.* (2020) 56 Cal.App.5th 211, 217 ["we consider the motion for reconsideration as part of the appeal from the judgment"].) However, under section 916, the trial court lacked jurisdiction to hear a motion for reconsideration after Williams filed his notice of appeal. (See § 916, subd. (a) ["the perfecting of an appeal stays proceedings in the trial court upon the judgment or order

appealed from or upon the matters embraced therein or affected thereby"].)

Williams has failed to demonstrate any abuse of discretion in the court's denial of his motion to vacate the judgment of dismissal.[5]

## DISPOSITION

The appeal from the judgment of dismissal is dismissed. The order denying Williams's motion to vacate the judgment of dismissal is affirmed. No costs are awarded.


                                        STONE, J.

We concur:



SEGAL, Acting P. J.



FEUER, J.

---

[5] Williams asserts it is unclear if his case was dismissed with or without prejudice. There appears to be a clerical error on the case register in which there are entries for both a dismissal with and without prejudice. However, the court's minute order from the August 2022 hearing unambiguously states, "The court hereby orders the case dismissed, with prejudice, as to the entire action."

13